9389

SARRATT *ET AL.* v. WILKINS.

(88 S. E. 647.)

1. ABATEMENT AND SURVIVAL — OTHER ACTION PENDING — GROUND FOR RULE.—The ground for sustaining a plea of other action pending is to prevent a multiplicity of suits, but the rule is not inflexible, and cannot be so strictly applied as to shield a public officer in violating a plain mandate of a statute, especially where public interests are involved, and will not be sustained if sustaining it would delay work of public interest and would prevent relief of the petitioner.

2. MANDAMUS—SCHOOLS AND SCHOOL DISTRICTS—DUTIES OF OFFICERS—VIOLATION OF STATUTE.—It is no ground for the refusal of a school treasurer to pay moneys to the county treasurer as required by statute that if they are so paid the school board will divert them from the declared use, but such officer must obey the statute, and his action will be compelled by mandamus.

3. MANDAMUS — PUBLIC OFFICERS — SCOPE OF INQUIRY. — In an original proceeding by mandamus to compel an officer to pay moneys to the county treasurer, as specifically required by statute, the question whether, if paid, the money will be diverted from the declared use, and whether other officers should be restrained from such diversion, *is not involved.*

ORIGINAL JURISDICTION. Petition for mandamus. Granted.

FOOTNOTE.—Mandamus to compel official action by former public officer, see notes in 3 A. & E. Ann. Cas. 172, and 36 L. R. A. (N. S.) 1084.

Original application in mandamus by M. A. Sarratt and others, as trustees of school district No. 10, in Cherokee county, against W. J. Wilkins, as treasurer thereof.

*Mr. Solicitor Hill,* for petitioners.

*Messrs. Butler & Hall,* for respondent.

May 2, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an application to this Court, in the exercise of its original jurisdiction, for a writ of mandamus, requiring respondent to pay to the county treasurer of Cherokee county the sum of $24,000, with the accumulated interest thereon, which sum the respondent received as the proceeds of the sale of certain bonds, issued by school district No. 10 of said county, in August, 1913, for the purpose of buying a lot and building a new schoolhouse. The petitioners are the majority of the board of trustees of the school district. The respondent is a member of the board and its treasurer. After issuing the bonds, dissension arose among the trustees and citizens of the district as to the location of the new school building, which resulted in litigation, the history of which will be seen by reference to the opinion of this Court in *Sarratt* v. *Cash,* 103 S. C. 531, 88 S. E. 256. Pending the litigation, the respondent, as treasurer of the board of trustees, deposited the proceeds of the bonds in certain banks in the city of Gaffney at interest, instead of depositing the same with the country treasurer, as required by statute. Code 1912, vol. I, sec. 1748. Upon the filing of the opinion of this Court, in the case above mentioned, determining the rights and duties of the trustees in the premises, the majority of the board made demand on respondent that he pay over the funds in his hands, with the accumulated interest thereon, to the county treasurer, with which demand respondent

refused to comply. Thereupon the petitioners commenced an action in the Circuit Court against him to obtain a writ of mandamus, compelling him to do so. A rule to show cause was issued and made returnable before the presiding Judge of the Circuit at his chambers in another county. Respondent made return to the rule that the Judge had no jurisdiction to hear the matter outside of the county of respondent's residence. The objection to the jurisdiction was sustained, and the rule was discharged. The petitioners then filed their petition in this Court, praying for a writ of mandamus, without formally dismissing the proceedings in the Circuit Court, and the respondent pleaded the pendency of the action in the Circuit Court in abatement.

The ground upon which the plea of another action pending is sustained by the Court is to prevent a defendant being harassed and oppressed by more than one suit, when the plaintiff can obtain a complete remedy in one of them. The public is also interested in preventing a multiplicity of suits. But the rule is not inflexible or of universal application. It has many exceptions. It was founded in justice and equity, and should not be so strictly applied as to shield a public officer in violating the plain mandate of a statute, especially where public rights and interests are involved, as in this case. If the second suit is not "vexatious," in the legal sense of that word, the pendency of the first will not abate it. The circumstances show that this proceeding is not "vexatious" in any sense of the word. Unless this Court shall grant the relief to which the petitioners are admittedly entitled, they can get no relief until the next summer term of the Circuit Court for Cherokee county, which may result in delaying the building of the new schoolhouse for another year, notwithstanding all parties agree that there is great and immediate need of the new building to relieve a congestion in the existing buildings which has existed for the past three years and is constantly growing worse, to the injury of the chil-

dren of the district. Under the circumstances, we have no hesitation in overruling the plea.

The respondent states, as his reasons for refusing to pay the money over to the county treasurer, that, pending the litigation above mentioned, the personnel of the board of trustees was changed, and that the majority of the board, as now constituted, are in favor of building the new schoolhouse on the Johnson lot, and that it is their intention to do so, notwithstanding the decision of the old board to buy the Smith lot and build on it; that the old board had made a valid and binding contract to buy the Smith lot, and that the representative of Smith's estate has tendered to the trustees a proper conveyance of the lot, and demanded payment of the purchase price agreed upon; that the board refused to comply with the demand; that the present board intend to ignore the decision of the old board as to the location of the new school building and the judgment of the Court in the case referred to sustaining their right to do so. He, therefore, prays that he be directed to pay the fund over to the county treasurer, and, also, that the trustees be enjoined from diverting the fund, as alleged, and that they be required to complete the purchase of the Smith lot, and build the new schoolhouse on it. A moment's reflection will show that the matters stated by respondent do not justify or excuse his failure to comply with the statute; and that they are not properly before this Court for its consideration in this proceeding.

The judgment of this Court is that a writ of mandamus be issued, directed to the respondent, commanding him forthwith to pay over to the county treasurer for Cherokee county all money received by him from the sale of the bonds of school district No. 10 of Cherokee county, together with the accumulated interest thereon.