14817

SUMTER COUNTY *ET AL.* v. HURST

(1 S. E. (2nd), 242.)

*Messrs. L. E. Purdy* and *Epps & Epps,* for appellants,

*Mr. Shepard K. Nash,* for respondent.

February 6, 1939.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The defendant in this case is the sheriff of Sumter County. By contract, Sumter County agreed with the Federal Government that Sumter County would receive, house, and board prisoners sentenced by the Federal Courts. The Federal Government, or its officers, in pursuance of this contract, sent checks in payment of these charges to the defendant, who retained the amounts of said checks, which he declares he intends to apply to the payment of claims which he is alleged to hold against the county of Sumter. He has brought action against the county on his claims.

The county then brought this action against him, alleging the things here set out, and praying for a writ of mandamus requiring him to pay over the said sums to the county, and for an order enjoining him from withholding the said checks in the future.

Honorable A. L. Gaston, Judge of the Sixth Circuit, then holding the Court of the Third Circuit, issued a rule requiring the defendant to show cause why the relief sought should not be granted.

By return and answer, the defendant set up several defenses. He admitted receiving the checks from the Federal Government, and that he had withheld them to apply to his claims against Sumter County. He set up as a defense that a controversy has arisen between him and the county relating to monies to which he claims to be entitled in connection with the collection of past due taxes; that an action, instituted by him, is now pending between the county and him thereabout in the Court of Common Pleas. The defendant further admits that he has collected fees of the character specified amounting to the sum of $659.29. That he claims the right to apply this sum to a sum due him by the county amounting to $740.22. Defendant admits that he intends to withhold payment of the sums collected by him. He alleges that plaintiffs have an adequate remedy at law, because defendant has a surety bond which is responsible

for the acts of this defendant in relation to the matters and things set out in the complaint.

Judge Gaston decreed that the county had no right to withhold sums due by the county to the defendant, and that the defendant was entitled to apply the said sums to the indebtedness due him by the plaintiffs. He said: "This case is controlled by the decision in the case of *C. M. Hurst v. Sumter County et al.*, S. C., 1 S. E. (2d), 238, filed herewith." He denied the prayer for a writ of mandamus, and gave judgment for the defendant against the plaintiffs "in the sum of Eighty and 93/100 ($80.93) Dollars, being the difference between the sum of Seven Hundred Forty and 22/100 ($740.22) Dollars due the defendant and the sum of Six Hundred Fifty-nine and 29/100 ($659.29) Dollars withheld by the defendant, and for the costs of this action."

The decree of Judge Gaston holds that this case is controlled by the decision in the case of *C. M. Hurst v. Sumter County et al.* That statement is not wholly correct. The issue whether the sheriff had the right to withhold the sums paid to him in his official capacity by the United States to reimburse Sumter County for the keep and lodging of Federal prisoners is not involved, nor is it decided, in the case of *Hurst v. Sumter County et al.*

We think that Questions 1 and 2 of the brief of the appellant are all that we should decide in this appeal. The issue raised in the third question is properly covered and to be determined in the suit of *Hurst v. Sumter County et al.*

We think that it does not need the citation of authorities to sustain the proposition that the Courts have power by mandamus to compel the discharge of a ministerial duty by a public officer.

*Milster v. City Council of Spartanburg*, 68 S. C., 243, 47 S. E., 141, is authority for the power of the Courts to issue the writ of mandamus, and for the further position that the Court had no authority to give

judgment for defendant. See, also, *Sarratt v. Wilkins,* 104 S. C., 276, 88 S. E., 647. It is here held that a public officer may be compelled by mandamus to perform a ministerial duty. See, also, *Federal Land Bank of Columbia v. State Highway Department,* 172 S. C., 207, 173 S. E., 635. "A ministerial act is one which a person performs in * * * obedience to a mandate of legal authority, without regard to or the exercise of his own judgment, upon the propriety of the act to be done. * * *" Black's Law Dictionary, page 781.

We think that there can be no dispute of the proposition that when a public officer receives money for the public use, he is a trustee to receive such monies and to pay them to the public official or function for whom or which they were intended.

In the present proceeding Mr. Hurst, as sheriff of Sumter County, received monies to be paid to Sumter County. He had no discretion in the matter. In this particular case he was the agent of the Federal Government to pay to Sumter County the funds paid to him by the checks of the Federal Government, to reimburse Sumter County for the keep and lodging of Federal prisoners. He was the trustee of the Federal Government and of Sumter County to receive and pay these amounts. His failure to pay them to Sumter County after having received them for that purpose from the Federal Government was a breach of a plain ministerial duty, the performance of which could be compelled by mandamus.

We think the Circuit Judge was without authority to give judgment for the defendant, and that he erred in denying the writ of mandamus.

The order appealed from is reversed. Let the writ of mandamus and the order of injunction prayed for be granted.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.