0185

In the Interest of Danna TYSON
Date of Birth: 8-8-77.

CHILDREN'S FOSTER CARE REVIEW BOARD 14A, Appellant, v. THE SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES and The Hampton County Department of Social Services, Respondents.

In the Interest of Brenda SWANEY
Date of Birth: 8-20-70.

In the interest of Lottie SWANEY
Date of Birth: 4-29-72.

CHILDREN'S FOSTER CARE REVIEW BOARD 11B, Appellant, v. THE SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES and The Spartanburg County Department of Social Services, Respondents.

In the Interest of Virginia WEST
Date of Birth: 10-18-77.

CHILDREN'S FOSTER CARE REVIEW BOARD 9A, Appellant, v. The SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES and The Charleston County Department of Social Services, Respondents.

---

In the Interest of Jimmie Lee GAYNOR
Date of Birth: 2-12-65.

CHILDREN'S FOSTER CARE REVIEW BOARD 14A, Appellant, v. The SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES and The Jasper County Department of Social Services, Respondents.

In the Interest of Anthony BURNS
Date of Birth: 3-31-72.

CHILDREN'S FOSTER CARE REVIEW BOARD 14A, Appellant, v. The SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES and The Jasper County Department of Social Services, Respondents.

In the Interest of Carlos THOMAS
Date of Birth: 9-7-76.

In the Interest of Carlotte JOHNSON
Date of Birth: 5-31-78.

CHILDREN'S FOSTER CARE REVIEW BOARD 5D, Appellant, v. The SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES and Richland County Department of Social Services, Respondents.

In the Interest of Quinton Cornell CAMPBELL
Date of Birth: 7-23-63.

In the Interest of Michael Allen CAMPBELL
Date of Birth: 3-5-66.

In the Interest of Primus Bernard CAMPBELL
Date of Birth: 7-17-67.

In the Interest of Sebrina Annette CAMPBELL
Date of Birth: 2-3-69.

In the Interest of Tanya Elizabeth CAMPBELL
Date of Birth: 1-24-70.

In the Interest of Shonette CAMPBELL
Date of Birth: 9-17-77.

In the Interest of Tracy RICHARDSON
Date of Birth: 6-20-75.

In the Interest of Alshonta RICHARDSON
Date of Birth: 10-19-72.

CHILDREN'S FOSTER CARE REVIEW BOARD 9A, Appellant, v. The SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES and Charleston County Department of Social Services, Respondents.

In the Interest of Carlos Miquel BROWN
Date of Birth: 1-26-71.

CHILDREN'S FOSTER CARE REVIEW BOARD 9C, Appellant, v. The SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES and the Charleston County Department of Social Services, Respondents.

In the Interest of Betty Jean ANDERSON
Date of Birth: 10-3-66.

In the Interest of Tony Jerome ANDERSON
Date of Birth: 8-23-69.

In the Interest of David ANDERSON
Date of Birth: 9-2-68.

CHILDREN'S FOSTER CARE REVIEW BOARD 9A, Appellant v. The SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES and the Charleston County Department of Social Services, Respondents.

In the Interest of Sharon CARSON
Date of Birth: 11-31-68.

In the Interest of David Cortez CARSON
Date of Birth: 7-18-66.

In the Interest of Lisa Lorraine CARSON
Date of Birth: 10-27-68.

CHILDREN'S FOSTER CARE REVIEW BOARD 9C, Appellant, v. The SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES and the Charleston County Department of Social Services, Respondents.

In the Interest of Kathy WOLFE
Date of Birth: 11-28-67.

In the Interest of Suria WOLFE
Date of Birth: 1-28-71.

CHILDREN'S FOSTER CARE REVIEW BOARD 9C, Appellant, v. The SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES and the Charleston County Department of Social Services, Respondents.

In the Interest of Timothy Wayne KNIGHT
Date of Birth: 7-10-67.

CHILDREN'S FOSTER CARE REVIEW BOARD 9A, Appellant, v. The SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES and the Charleston County Department of Social Services, Respondents.

In the Interest of Elton Elmer PEARSON III
Date of Birth: 3-7-72.

In the Interest of Franklin Arthur PEARSON
Date of Birth: 11-20-73.

CHILDREN'S FOSTER CARE REVIEW BOARD 9A, Appellant, v. The SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES and Charleston County Department of Social Services, Respondents.

(318 S. E. (2d) 279)

Court of Appeals

*Herman F. Richardson* and *F. David Butler*, Columbia, *for appellants.*

*Alice C. Broadwater, Tana G. Vanderbilt,* and *Stanley H. Kohn,* Columbia, *for respondents.*

Heard March 20, 1984.

Decided May 29, 1984.

SHAW, Judge:

These actions, consolidated on appeal, were initiated by appellant — Children's Foster Care Review Board (the Board) to have the Family Courts review the cases of several minor children who are currently residing in foster homes but remain in the legal custody of the respondent — South Carolina

Department of Social Services (DSS). During the pendency of this action three of the twenty-four children appearing in Docket Number 82-388, Jimmie Lee Gaynor, Quinton Cornell Campbell and Michael Allen Campbell, have reached the age of majority; thus, the issues as to them are moot. The Board requested, in general, that the Family Court review these children's cases to determine a proper disposition in the best interest of the children. Specifically, the Board requested that the Family Court order DSS to institute an action to terminate the parental rights of these children's parents. DSS demurred to the Board's petition on the grounds that the Family Courts have no power to issue a writ of mandamus and that, if such power existed, the complaint failed to state a cause of action. Without exception, but for varying reasons, these demurrers were sustained. We affirm the sustaining the demurrers.

It is elementary that in passing upon a demurrer, an appellate court is limited to a consideration of the pleadings under attack, all of the factual allegations whereof that are properly pleaded are for the purpose of such consideration deemed admitted. A demurrer admits the facts well pleaded in the complaint but does not admit the inferences drawn by the plaintiff from such facts, nor does it admit conclusions of law. *Greneker v. Sprouse,* 263 S. C. 571, 211 S. E. (2d) 879 (1975); *Akers v. Hard,* 275 S. C. 100, 267 S. E. (2d) 536 (1980); *Sease v. City of Spartanburg,* 242 S. C. 520, 131 S. E. (2d) 683 (1963). The same rule applies to a demurrer to a petition for a writ of mandamus, *Dowling v. Charleston & W. C. Ry. Co.,* 105 S. C. 475, 81 S. E. 313 (1913).

For purposes of this appeal, we assume, without deciding, that the family court has the power to issue a writ of mandamus under the proper circumstances. However, we conclude that the Board has not shown that it is entitled to have the writ issued.

To be entitled to a writ of mandamus requiring the performance of some act, an applicant must show: (1) a duty upon the respondent to perform the act; (2) that the duty is ministerial in its character; (3) that the applicant has a specific legal right for which the discharge of the duty is necessary; and (4) that he has no other legal remedy. *Willimon v. City of Greenville,* 243 S. C. 82, 132 S. E. (2d) 169 (1963);

*Wiblen v. Long,* 262 S. C. 430, 205 S. E. (2d) 174 (1974). A ministerial duty is one which a person performs in obedience in a mandate of legal authority without regard to the exercise of his own judgment upon the propriety of the act to be done. *Godwin v. Carrigan,* 227 S. C. 216, 87 S. E. (2d) 471 (1955); *Sumter County v. Hurst,* 189 S. C. 316, 1 S. E. (2d) 242 (1939).

The family courts have jurisdiction over actions to terminate parental rights. Section 20-7-420(4). The statutory process is found at Sections 20-7-1560 through 20-7-1610. Before parental rights can be terminated, there must be a court order determining that a child has been abandoned or severely abused. Section 20-7-1580. Under this section, one of several state agencies, including DSS, or "an interested party *may* petition a court of competent jurisdiction" for such a determination. Upon such a determination, the court "*may* issue an order forever terminating parental or guardianship rights." Section 20-7-1590.[1]

Obviously, there is no ministerial duty imposed upon ▮ DSS to commence such an action. DSS' only obligation under these statutes it to make an evaluation of each child's situation to determine if a family should be reunited. If reuniting the family appears impossible, then DSS *may* move to terminate parental rights for the purpose of placing the child for adoption. It can hardly be claimed that the decision to terminate parental rights is a function imposed by law without any exercise of agency judgment.

We recognize that under certain circumstances courts ▮ may use their mandamus powers to compel an administrative agency to act by exercising its judgment or discretion. *Thomas v. Hollis,* 232 S. C. 330, 102 S. E. (2d) 110 (1958); *Drew v. Lawrimore,* 380 F. (2d) 479 (4th Cir. 1967); cert. denied 389 U. S. 974, 88 S. Ct. 475, 19 L. Ed. (2d) 467 (1967).

---

[1] The effective date for the new statute on termination of parental rights is March 5, 1984. Section 2(A) of the Act clearly states, "Any cause of action pending on the effective date of this Act may continue under the provisions of law which existed prior to this Act". The trial in this case was held prior to the effective date; the appeal was pending prior to such date.

Even if the new law was applicable, the result would be the same. Section 20-7-1564 of the new statute reads, "A petition seeking termination of parental rights *may* be filed by the child protective services agency or any interested party". (emphasis added). The termination of parental rights is still a discretionary act with DSS. Also, the Children's Foster Care Review Board could still file such a petition.

Courts will not issue a writ of mandamus to compel or control the action of an administrative agency in the discharge of statutory duties involving the exercise of judgment or discretion unless the attempted performance of the duty or the omission thereof amounts to illegal action or is an arbitrary or capricious abuse of discretion. *Atlantic Coast Line RR Co. v. Caughman, et al*, 89 S. C. 472, 72 S. E. 18 (1911); *Mauldin v. Matthews*, 81 S. C. 414, 62 S. E. 695 (1908); *Sleeth v. Dairy Products Co.*, 228 F. (2d) 165 (4th Cir. 1955). When a refusal to act is under consideration, the courts should exercise the utmost circumspection not to substitute their own discretion for that of the agency and should interfere by mandamus only when the facts so clearly show a duty to act that there is really no room for the exercise of reasonable discretion against the doing of the act which the court is asked to require performed. The courts should interpose only where it clearly appears that the refusal to perform so misconceives the official duty that the purpose of the law will be defeated. *Mauldin v. Matthews, supra.*

We cannot unequivocally say that if the parental rights ▮ in question are not terminated by DSS, the purpose of Section 20-7-1560 et seq. will be defeated. If doubt or uncertainty exists in the facts of the case, so that it does not appear clear that such facts entitle the applicant to relief by mandate, the writ will not be issued. *Willimon v. City of Greenville, supra.*

To get a writ of mandamus, the applicant must also show that he has no other legal remedy. Here, the Board could initiate an action to terminate parental rights on its own. Section 20-7-1580 allows "any interested party" to petition the family court for a determination that a child has been abandoned or severely abused, which determination is a prerequisite to the termination of parental rights. Section 20-7-435 would also allow the Board to institute a judicial proceeding respecting any child that it considered to be neglected or delinquent. And finally, Section 20-7-1630(2) specifically allows the Board, upon determining that the return of foster children to their natural parents is not in the best interest of the children, "to initiate such proceedings pursuant to law as would make the child eligible for adoption". "Such proceedings" would necessarily require an action ter-

minating the natural parents' parental rights. *See D'Augustine v. Bush*, 269 S. C. 342, 237 S. E. (2d) 384 (1977).

Where another adequate remedy exists, a writ of mandamus cannot rightful be issued. *Smith v. Hendrix*, 265 S. C. 417, 219 S. E. (2d) 312 (1975). The Board had several other remedies available to it besides mandamus if it had determined that termination of parental rights was in the best interest of the children involved. The writ was properly denied.

In view of our decision that the Board had the power to bring a suit to terminate the parental rights to these children, it is unnecessary to reach the issue of whether the Board had standing to compel judicial review of the children's cases.

The appeal involving Jimmie Lee Gaynor, Quinton Cornell Campbell and Michael Allen Campbell in Docket Number 82-388 is moot. As to these three individuals, Number 82-388 is

Dismissed.

Docket Numbers 82-055, 82-076, 82-125 and 82-388 (except as above mentioned) are

Affirmed.

SANDERS, C. J., and BELL, J., concur.