1016

Peggy A. BRADLEY, Appellant v. STATE HUMAN AFFAIRS COMMIS-
SION and State Employee Grievance Committee, Respondents.

(360 S. E. (2d) 537)

Court of Appeals

GOOLSBY, J., filed a concurring opinion.

*Hemphill P. Pride, II,* of *Law Firm of Hemphill P. Pride,
II,* Columbia, *for appellant.*

*Vance J. Bettis,* of *Gignilliat & Savitz,* for *State Human
Affairs,* and *Atty. Gen. T. Travis Medlock* and *Asst. Atty.
Gen. David C. Eckstrom,* for *State Employee Grievance
Committee,* Columbia, *for respondents.*

Heard May 19, 1987.

Decided Aug. 24, 1987.

SHAW, Judge:

This is an appeal by Peggy A. Bradley following a circuit court denial of a writ of mandamus to compel the Grievance Committee to adhere to the terms of its originally issued decision, rather than an amended decision issued by the committee attorney upon the employing agency's motion for reconsideration of the original decision. The circuit court granted the respondents' separate motions to dismiss under provision of S.C.R. Civ. P. Rule 12(b)(6) on the ground that mandamus did not lie because the employee had an adequate legal remedy. We affirm.

Peggy A. Bradley was employed as administrative assistant to the Commissioner of the State Human Affairs Commission, James C. Clyburn. Commissioner Clyburn advised Ms. Bradley by letter dated April 22, 1985, that he terminated her employment effective April 19, 1985. She appealed to the Personnel Committee of the State Human Affairs Board, an in-house body of the Human Affairs Commission, to resolve her grievances. This committee ruled upon Ms. Bradley's grievances. Ms. Bradley stated affirmatively before this committee that she did not seek reinstatement.

Unhappy with the committee's resolution, Ms. Bradley appealed to the State Employee Grievance Committee. In a preliminary hearing before the Committee, Ms. Bradley for the first time indicated she was seeking back pay. About one month later, on September 27, 1985, the Committee reconvened and heard evidence.

On October 17, 1985, the Committee issued its order, styled "Final Decision." It ruled in pertinent part:

> the termination date should reflect September 30, 1985, rather than April 19, 1985. Consequently, [Ms. Bradley] should be given back pay and benefits.

By letter dated October 25, 1985, addressed to Attorney

General Medlock, Commissioner Clyburn requested "reconsideration" of the Committee's decision on numerous grounds. By letter dated October 29, 1985, Ms. Bradley objected to any reconsideration and contended the letter to the Attorney General was without procedural precedence. The Attorney General forwarded the letter to the proper agency. We hold this constitutes sufficient notice to the Budget and Control Board.

On November 27, 1985, the Staff Attorney of the State Employee Grievance Committee issued an "Amended Order" deleting that aspect of the Committee's "Final Decision" which awarded Ms. Bradley back pay and benefits through September 30, 1985. The staff attorney ruled that Ms. Bradley was not entitled to this relief because the matter of back pay was not timely raised and sought by her.

Ms. Bradley then filed this action for a writ of mandamus, seeking to have the terms of the "Final Decision" of October 17, 1985, upheld and enforced.

On January 6, 1986, the Commission filed its motion to dismiss the action on the ground that Ms. Bradley "has another legal remedy by which to obtain the relief she seeks."

Judge McFadden ruled:

> Ms. Bradley having had available to her a legal procedure providing an adequate remedy for a supposed wrong and having failed to avail herself of it cannot now seek the extraordinary relief of Mandamus.

Section 8-17-330 of the "State Employee Grievance Procedure Act of 1982" provides that "The provisions of the State [APA] shall apply in proceedings before the State Employee Grievance Committee." Section 1-23-380(b) of the APA provides that the time for appealing to the circuit court does not begin to run until an agency has acted upon a request for rehearing, if such a request is made. This section obviously contemplates requests for rehearing or reconsideration of the sort made here.

Section 8-17-340 of the grievance procedure act provides in part:

> The decision of the committee members ... shall be final in terms of administrative review. Appeal from

the final decision may be made by the employee to the court of common pleas. ...

Section 8-17-340 provides further that the Attorney General may assign one or more of "his staff attorneys" to serve as "committee attorney." As to this committee attorney, the statute provides:

The committee attorney shall determine the order and relevance of the testimony and the appearance of the witnesses, and shall rule on all motions, and all legal issues. The parties shall be bound by the decisions of the committee chairman or the committee attorney insofar as such hearing are concerned. ... [T]he committee attorney may assist the committee in the preparation of its findings of fact, statements of policy and conclusions of law. The committee attorney may be present during the committee's deliberations on its decision only upon the request of the presiding officer.

In his Amended Order the committee attorney ruled that his authority to issue an Amended Order was in the portion of Section 8-17-340 that allowed him to rule on "all legal issues." This interpretation was in error.

A reading of the statute makes it clear that the job of a committee attorney is only advisory to the committee. (Not all committee members are lawyers and as such are not familiar with procedural and evidentiary matters.) However, the role of decision maker cannot be delegated. *Kerr-McGee Nuclear Corporation v. New Mexico Environmental Improvement Board,* 97 N. M. 88, 97, 637 P. (2d) 38, 47 (1981) (administrative bodies cannot delegate power, authority and functions which under the law may be exercised only by them, which are quasi-judicial in character or which require the exercise of judgment). *Cf. South Carolina Department of Social Services v. Bacot,* 280 S. C. 485, 489, 313 S. E. (2d) 45, 48 (Ct. App. 1984) (family court's duty to decide issue of paternity cannot be delegated to expert or anyone else). Here, the committee chairman took it upon himself to delegate decision making to the attorney. This was error.

There was no error, however, in the trial court's dismissal of Ms. Bradley's petition for a writ of mandamus. We have indicated above that the committee's staff attorney had no authority to issue the amended order. Therefore the request for reconsideration is still pending before the committee. Ms. Bradley may resort to the statutory right of appeal if the committee's action on that request is adverse to her. Relief in the courts is generally not available to one who has not exhausted administrative remedies. *Meredith v. Elliott*, 247 S. C. 335, 147 S. E. (2d) 244 (1966). Further, the writ of mandamus will not be granted when the petitioner has another adequate remedy. *In Re Tyson*, 282 S. C. 212, 318 S. E. (2d) 279 (Ct. App. 1984). In particular, mandamus will not lie when an available administrative remedy has not been pursued to its end. *Albert v. Public Service Commission*, 209 Md. 27, 41-42, 120 A. (2d) 346, 353 (1956). In our view, Ms. Bradley has not pursued her administrative remedy to a conclusion.

The trial court's dismissal of the petition for a writ of mandamus is

Affirmed.

GARDNER, J., concurs.

GOOLSBY, J., concurs in separate opinion.

GOOLSBY, Judge (concurring):

I concur in the majority's opinion to the extent that it can be read to hold that relief by mandamus is unavailable to the appellant, Peggy A. Bradley, because the request by the Attorney General that the State Employee Grievance Committee reconsider its order of October 17, 1985, is still pending before the Committee in that the Committee's attorney and not the Committee itself, in ruling on the motion to reconsider, made the ultimate decision not to award Bradley back pay and benefits.