23378

Marvin H. DAWSON, Jr., Appellant v. STATE LAW
ENFORCEMENT DIVISION, Respondent.

(403 S.E. (2d) 124)

Supreme Court

*Preston F. McDaniel,* Columbia, *for appellant.*

*Julian H. Gignilliat, Vence J. Bettis,* and *Steven T. Savitz,
Gignilliat, Savitz & Bettis,* Columbia, *for respondent.*

Heard March 5, 1991.

Decided April 8, 1991.

GREGORY, Chief Justice:

This appeal is from an order of the circuit court affirming
the denial of a grievance proceeding. We remand to the State
Employee Grievance Committee as set forth below.

Appellant Dawson was employed as a documents examiner
with the State Law Enforcement Division (SLED). As a re-

sult of complaints alleging misconduct, Dawson was called to Chief Stewart's office on Friday, April 22, 1988. Chief Stewart told Dawson he could resign or he would be terminated. He told Dawson to consider it over the weekend and they would discuss it the following Monday, April 25.

That afternoon, Dawson consulted with a friend, lawyer Hanson. They discussed the relative merits of resignation and termination, including the fact that a grievance hearing would be available only with termination. On Saturday, Dawson admitted himself to Charter Rivers Hospital where he was treated for post-traumatic stress syndrome. Monday morning, Hanson came to Chief Stewart's office on Dawson's behalf and negotiated a voluntary resignation with sick leave paid through May 31, 1988. The next day, Dawson submitted his written resignation dated April 25.

On June 21, 1988, Dawson requested a grievance proceeding which SLED denied. After consideration on appeal by the Director of the State Budget and Control Board Division of Human Resources Management (Personnel Director) and the State Employee Grievance Committee (Grievance Committee), the request was denied as untimely. The decision was affirmed on appeal to the circuit court.

The statutory scheme regarding appeals in state employee grievance matters provides for an initial determination by the Personnel Director whether the action is "grievable." If the Personnel Director finds there has been full compliance with established agency procedures, she forwards the appeal to the Grievance Committee. S.C. Code Ann. § 8-17-350 (1986). Pursuant to § 8-17-340, the Grievance Committee holds a hearing and renders a decision on the appeal that is "final in terms of administrative review."

In this case, the Personnel Director found Dawson's case was "grievable" because there was a factual issue regarding the voluntariness of his resignation. The Director made no determination as to the timeliness of Dawson's grievance request although SLED maintained it was untimely because it was not filed within twenty-one days of the written resignation. *See* S.C. Code Ann. § 8-17-330 (1986). The Personnel Director forwarded the appeal to the Grievance Committee.

The Grievance Committee conducted a hearing and concluded the April 25th resignation was not voluntary. The

Committee adjourned with SLED's motion to dismiss for untimeliness still pending. The Personnel Director then advised the parties that Dawson's appeal had been referred back to her for a decision on the timeliness issue because "statutory authority to decide a timeliness issue is granted to the State Personnel Director, not the State Employee Grievance Committee." The Personnel Director then ruled that Dawson's request was untimely because it was not filed within twenty-one days of April 26, the date Chief Stewart received Dawson's resignation.

Dawson contends the Personnel Director implicitly ruled his appeal was timely when she forwarded it to the Grievance Committee after which she lost jurisdiction to reconsider the timeliness issue.

Under § 8-17-350, the Personnel Director does have authority to consider procedural compliance as a factor in screening grievance appeals. The Grievance Committee, however, as the final administrative authority, may consider any issue presented. We therefore conclude the Personnel Director's failure to explicitly consider the timeliness issue before forwarding the appeal to the Grievance Committee is not binding upon the Committee as a finding of timeliness.

We further conclude the Grievance Committee, as the final administrative authority, may not delegate its role as final decision-maker to the Personnel Director. *See Bradley v. State Human Affairs Comm'n*, 293 S.C. 376, 360 S.E. (2d) 537 (Ct. App. 1987). Once an appeal is forwarded to the Grievance Committee, the Committee has exclusive jurisdiction to decide all issues.

Accordingly, we remand this case to the Grievance Committee to determine whether Dawson's grievance report was timely filed.

Remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.