529 S.E.2d 6

**GREAT GAMES, INC., owner/licensee,
and Busters, Inc., Appellants,**

v.

**SOUTH CAROLINA DEPARTMENT
OF REVENUE, Respondent.**

No. 25081.

Supreme Court of South Carolina.

Heard April 7, 1999.
Decided March 6, 2000.

John G. O'Day and Heath P. Taylor, both of Kirkland, Wilson, Moore, Taylor, O'Day & Thomas, P.A., of West Columbia, for appellants.

Harry T. Cooper, Jr. and Nicholas P. Sipe, both of South Carolina Department of Revenue, of Columbia, for respondent.

FINNEY, Chief Justice:

Respondent (Department) sought to impose sanctions upon appellants (Busters) for alleged violations of a video gaming

statute[1] and regulation.[2] The Administrative Law Judge (ALJ) upheld Department's citation, and Busters appealed to circuit court. The circuit court first held it lacked subject matter jurisdiction over the appeal, and alternatively, that the ALJ's order was supported by substantial evidence. Busters now appeals to this Court. We affirm in part and reverse in part.

Busters operated a video machine mall consisting of a common area from which six separate rooms, each containing five machines, were accessible. On the day the Department's officer inspected Busters, all six rooms were lit and all thirty machines were operational. Two employees were present, both sitting at a table in the common area. Busters was cited for violating a regulatory requirement that each video machine "place or premise" have an employee present during business hours.[3]

As a result of the citation, Department sought to revoke Busters' thirty licenses for this mall, impose a $5,000 fine, and prohibit Busters from obtaining any new video poker licenses for the mall location for six months. The ALJ revoked the thirty licenses, imposed a $1,500 fine[4], and prohibited the issuance of licenses. Busters was sanctioned pursuant to S.C.Code Ann. § 12–21–2804(F) (Supp.1998) upon a finding it had violated § 12–21–2804(A) and 27 S.C.Reg. 117–190.

Busters appealed to the circuit court, which held that because Busters failed to pay the $1,500 fine or post a bond before appealing as required by S.C.Code Ann. § 12–60–3370 (Supp.1998), it lacked "subject matter jurisdiction"[5] over

---

1. S.C.Code Ann. § 12–21–2804(A) (Supp.1998).

2. 27 S.C.Reg. 117–190 (Supp.1998).

3. In *McNickel's Inc. v. S.C. Dep't of Revenue,* 331 S.C. 629, 503 S.E.2d 723 (1998), we upheld Department's authority to promulgate this requirement.

4. A fine of $250 was imposed for each of Busters' six violations.

5. The circuit court erroneously characterized the jurisdictional defect as one relating to the court's subject matter jurisdiction. Subject matter jurisdiction refers to the court's "power to hear and determine cases of the general class to which the proceedings in question belong."

Busters' appeal. Alternatively, the circuit court held the ALJ's order was supported by substantial evidence. We agree with Busters that § 12–60–3370 does not apply to this type of case, but affirm the circuit court's substantial evidence holding.

Section 12–60–3370, a part of the "Revenue Procedures Act" (the Act), provides subject to certain exceptions not applicable here, "a taxpayer shall pay, or post a bond for, all taxes, including interest, penalties and other amounts determined to be due by the [ALJ] ... before appealing the decision to the circuit court." The purpose of the Act is set forth in § 12–60–20:

> It is the intent of the General Assembly to provide the people of this State with a straightforward procedure to determine any disputed revenue liability. The South Carolina Revenue Procedures Act must be interpreted and construed in accordance with, and in furtherance of, that intent.

The critical issue here is whether the fine imposed by the ALJ pursuant to S.C.Code Ann. § 12–21–2804(F) is a tax within the meaning of the Act. The circuit court held the language of § 12–60–3370 clearly and unambiguously applied to the fine, citing only this language from the statute: "... a taxpayer shall pay or post a bond for, all ... amounts determined to be due by the [ALJ] ... before appealing the decision to circuit court." The circuit court judge's editing of the statute selectively redacted the statute's relevant language, i.e., the restriction of the bond/payment requirement to "all taxes, including interest, penalties and other amounts."

Turning to the Act's definitional section, it provides that "except when the context clearly indicates a different meaning," tax or taxes is defined as:

---

*Dove v. Gold Kist, Inc.,* 314 S.C. 235, 442 S.E.2d 598 (1994) (internal citations omitted). Only the circuit court has subject matter jurisdiction over agency appeals arising under the Administrative Procedures Act. S.C.Code Ann. §§ 1–23–380(B); 1–23–390; 1–23–610 (1986 and Supp.1998). The failure of a party to comply with the procedural requirements for perfecting an appeal may deprive the court of "appellate" jurisdiction over the case, but it does not affect the court's subject matter jurisdiction.

All taxes, licenses, permits, fees, or other amounts, including interest and penalties, imposed by this title, or subject to assessment or collection by the department, including property subject to collection pursuant to Chapter 18 of Title 27. § 12–60–30(27) (Supp.1998)

Statutes should be construed in light of their intended purposes, and in ascertaining the intent of the legislature, a court should not focus on any single section or provision but should consider the language of the statute as a whole. *Mid–State Auto Auction of Lexington Inc. v. Altman,* 324 S.C. 65, 476 S.E.2d 690 (1996). Statutes which are part of the same legislative scheme should be read together. *Doe v. Brown,* 331 S.C. 491, 489 S.E.2d 917 (1997). The Legislature explained its intent in enacting the Revenue Procedures Act: "[T]o provide the people of this State with a straight forward procedure to determine any disputed revenue liability," § 12–60–20, and in promulgating this Act, it expressly repealed all provisions of Title 12 dealing with "tax appeals." *See* 1995 Act No. 60, § 41. That the Act concerns only tax appeals is clear from of reading of the Act as a whole, and it is also clear that the fine assessed against Busters for violation of video poker regulations is not a tax within the meaning of the Act, *see* § 12–60–30(27), *supra,* nor a tax within the ordinary definition of the term. *See, e.g., Powell v. Chapman,* 260 S.C. 516, 197 S.E.2d 287 (1973):

> The essential characteristics of a tax are that it is not a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. 84 C.J.S. Taxation s 1, at page 32. The question of whether a particular contribution, charge, or burden is to be regarded as a tax depends on its real nature and not on its designation.

We reverse the circuit court's holding that § 12–60–3370 applies to a fine imposed pursuant to § 12–21–2804(F).

Before the ALJ, Busters challenged the constitutionality of Reg. 117–190, and the ALJ purported to rule on these issues. We take this opportunity to remind the bench

and bar that ALJs are an agency of the executive branch of government [6], and must follow the law as written until its constitutionally is **judicially** determined; ALJs have no authority to pass upon the constitutionality of a statute or regulation. *See, e.g., Beaufort County Bd. of Educ. v. Lighthouse Charter School C'tee,* 335 S.C. 230, 516 S.E.2d 655 (1999); *South Carolina Tax Commission v. South Carolina Tax Board of Review,* 278 S.C. 556, 299 S.E.2d 489 (1983). In this case, although Busters raised the constitutional issues before the circuit court, that court failed to rule upon them, and Busters did not raise this omission in its Rule 59 motion. Accordingly, since they were not ruled upon below, no constitutional claims are preserved for our appellate review. *Compare Hatfield v. Hatfield,* 327 S.C. 360, 489 S.E.2d 212 (Ct. App.1997).

■ The last issue raised by Busters is a challenge to the circuit court's finding that substantial evidence supported the ALJ's decision. We affirm.

Busters argues that Department failed to prove that the onsite employee violation occurred during "business hours." The Department's officer testified "The doors to all the rooms were open, the machines were on, lights were on.... There were some players in some of the rooms." This testimony is substantial evidence to support the ALJ's finding that the violations occurred during business hours. e.g., *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 276 S.E.2d 304 (1981) ("substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (internal citation omitted).

We agree with Busters that § 12–60–3370 does not apply to appeals involving fines imposed for violations of a video gaming statute and reverse that part of the circuit court's order. We affirm the circuit court's order finding substantial evidence supports the ALJ's decision. Accordingly, the order under appeal is

AFFIRMED IN PART; REVERSED IN PART.

TOAL, MOORE, WALLER, and BURNETT, JJ., concur.

---

6. S.C.Code Ann. § 1–23–500(A) (Supp.1998).