THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA 
In The Court of Appeals 
 
 
 
 
Grand Bees 
 Development, LLC, Appellant,
v.
South Carolina 
 Department of Health and Environmental Control and the County of Charleston, Respondents.
 
 
 

Appeal from Charleston County 
 Roger M. Young, Circuit Court Judge 

Unpublished Opinion No.  2012-UP-314 
Heard February 29, 2012 – Filed May 23, 
 2012 

Affirmed

 
 
 
G. Trenholm Walker and Jamie A. Khan, both of Charleston, for
 Appellant.
Etta R. Williams, of Columbia, Joseph Dawson, III, Austin A.
 Bruner, Bradley A. Mitchell, and Bernard Ferrara, all of North Charleston, for
 Respondents.
 
 
 

PER CURIAM: In 
 this civil action, Grand Bees Development, LLC (Developer) contends the trial 
 court erred in dismissing the complaint of Developer for lack of subject matter 
 jurisdiction and failure to exhaust administrative remedies in a timely 
 manner.   Specifically, Developer argues that they could not have exhausted 
 their administrative remedies in a timely manner because South Carolina 
 Department of Health and Environment Control (DHEC) and the County of 
 Charleston (County) did not follow statutory law or the regulations, 
 disallowing Developer the opportunity to bring its claim in administrative law 
 court (ALC).  We affirm pursuant to Rule 220(b)(1), SCACR, 
 and the following authorities: 
1.  As to whether the trial court 
 converted the County's and DHEC's motions to dismiss Developer's complaint to a 
 motion for summary judgment because it considered matters outside the 
 pleadings, we affirm the trial court's decision to grant the motions to 
 dismiss.  See Great Games, Inc. v. S.C. Dep't of Revenue, 339 
 S.C. 79, 82 n.5, 529 S.E.2d 6, 7 n.5 (2000) (holding that the failure of a 
 party to comply with the procedural requirements for perfecting an appeal may 
 deprive the court of appellate jurisdiction); Posey v. Proper Mold & Eng'g, 
 Inc., 378 S.C. 210, 217, 661 S.E.2d 395, 399 (Ct. App. 2008) (finding the 
 consideration of affidavits on a question of law in a jurisdictional motion 
 does not convert the motion into one for summary judgment) (citing Baird v. 
 Charleston Cnty., 333 S.C. 519, 528, 511 S.E.2d 69, 74 (1999)). 
2.  As to whether Developer was simply 
 time barred from bringing its claims pursuant to section 44-1-60(E) of the 
 South Carolina Code, thus, removing the trial court's appellate jurisdiction, we 
 affirm the trial court.  See S.C. Code Ann. § 44-1-60(E) (Supp. 2008) ("The 
 department decision becomes the final agency decision fifteen days after notice 
 of the department decision has been mailed to the applicant, unless a written 
 request for final review is filed with the department by the applicant, 
 permittee, licensee, or affected person.")[1]; see also Great Games, Inc., 339 S.C. at 82 n.5, 529 S.E.2d at 7 
 n.5; Allison v. W.L. Gore & Assocs., 394 S.C. 185, 188-89, 714 
 S.E.2d 547, 549-50 (2011) (noting it is a general rule "that an appellate 
 body may not extend the time to appeal"); S.C. Coastal Conservation 
 League v. S.C. Dep't of Health and Envtl. Control, 390 S.C. 418, 429, 702 
 S.E.2d 246, 252 (2010) (holding that in situations when DHEC fails to 
 simultaneously notify the applicant, permittee, licensee, and affected persons, 
 the latest date of mailing controls when the fifteen-day period begins to run).
3.  As to whether the trial court 
 erred in finding a failure to exhaust administrative remedies, we do not find 
 it necessary to reach a decision.  See Futch v. McAllister Towing of 
 Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an 
 appellate court need not review remaining issues when its determination of a 
 prior issue is dispositive of the appeal). 
4.  As to whether the trial court 
 erred in dismissing Developer's complaint because an action for declaratory 
 judgments is not barred, we affirm the trial court.  See Pressley v. 
 Lancaster Cnty., 343 S.C. 696, 705, 542 S.E.2d 366, 370-71 (Ct. App. 2001) 
 ("In order to obtain a writ of mandamus requiring the performance of an 
 act, the applicant must show (1) a duty of the opposing party to perform the 
 act, (2) the ministerial nature of the act, (3) the applicant's specific legal 
 right for which discharge of the duty is necessary, and (4) a lack of any other 
 legal remedy.  If the duty to perform the act is doubtful, the responsibility 
 is not imperative and the applicant will be left to other remedies. Where the 
 duty is not clearly and directly prescribed, the writ will not lie." 
 (internal citations omitted)); but see Ott v. Tindal, 297 S.C. 
 395, 397-98, 377 S.E.2d 303, 304-05 (1989) (stating that for an individual 
 aggrieved by an agency decision, declaratory judgment actions are appropriate 
 where the meaning of a statute is in question or where enabling legislation 
 contains no special review provisions). 
5.  As to whether the trial court 
 erred in dismissing Developer's complaint because an action for mandamus is not 
 barred, we affirm the trial court.  See Bradley v. State Human 
 Affairs Comm'n, 293 S.C. 376, 380, 360 S.E.2d 537, 539 (1987) (stating 
 "mandamus will not lie when an available administrative remedy has not 
 been pursued to its end"); but see Andrews v. Dorchester Cnty. 
 Sch. Dist. No. 2, 292 S.C. 392, 395, 356 S.E.2d 439, 442 (Ct. App. 1987) 
 (involving an appeal from a school board's failure to act when this court 
 decided that the court of common pleas "lacked jurisdiction in the matter 
 because there was no 'order of the county board of education' on which [the 
 party] could base an appeal to that court pursuant to [s]ection 59-19-560 [of 
 the South Carolina Code (1976)]," and that the party's remedy was to 
 mandamus the county board to act by exercising its judgment or discretion).  
6.  As to whether the trial court 
 erred in dismissing Developer's complaint because an action for injunction is 
 not barred, we affirm the trial court.  See Garris v. Governing Bd. 
 of S.C. Reinsurance Facility, 319 S.C. 388, 391-92, 461 S.E.2d 819, 821 
 (1995) (holding that administrative remedies must be exhausted before a party 
 can seek injunctive relief); but see Toussaint v. State Bd. of Med. Exam'rs, 
 285 S.C. 266, 268-69, 329 S.E.2d 433, 434-35 (1985) (involving a grant of 
 injunctive relief from a constitutional claim). 
AFFIRMED. 
williams, thomas, and Lockemy, JJ., concur. 
 
 
[1] S.C. Code Ann. § 44-1-160(E) (Supp. 2008) was amended 
 and the applicable portion can now be found at S.C. Code Ann. § 44-1-160(E)(2) 
 (Supp. 2011).  Despite its amendment, the relevant portion remains the same for 
 this specific issue.