746 S.E.2d 40

Jennifer H. TURNER, Appellant,

v.

Francis D. DANIELS, Personal Representative of the Estate of Robert Leverne Gilmore, a/k/a Robert L. Gilmore, II, a/k/a Robert L. Gilmore, Jr., Francis D. Daniels, a/k/a Frank Daniels, individually and Patricia C. Daniels, a/k/a Patti Daniels, individually, Respondents.

Appellate Case No. 2012–211949.

Nos. 27283.

Supreme Court of South Carolina.

Heard June 18, 2013.

Decided July 17, 2013.

Tracy L. Wright, of Willcox Buyck & Williams, PA, of Myrtle Beach, for Appellant.

George M. Hearn, Jr., of Hearn & Hearn, PA, of Conway, for Respondents.

Justice KITTREDGE.

This case requires us to construe section 62–2–302(b) of the South Carolina Probate Code to determine whether Appellant Jennifer H. Turner qualifies as a pretermitted child. Because the presumed facts of this case fall outside the clear language of section 62–2–302(b), the probate court, and the circuit court on review, correctly dismissed Appellant's claim. We affirm.

## I.

In July 2008, Decedent Robert L. Gilmore ("Decedent") executed his Will, which was filed with the probate court upon his death in August of 2010. Decedent bequeathed his entire estate to Respondents Francis D. Daniels and Patricia C. Daniels, who are unrelated to Decedent.

Appellant Jennifer H. Turner was born on November 8, 1972. It is undisputed that Appellant and Decedent did not know each other. Following Decedent's death, Appellant's mother informed her that Decedent was her biological father.[1] Appellant filed a claim of inheritance with the probate court based on section 62–2–302(b) of the South Carolina Code, which allows a pretermitted child to receive an intestate share if the testator failed to provide for the child based upon a mistaken belief that the child was dead.

The probate court dismissed Appellant's claim pursuant to Rule 12(b)(6), SCRCP, finding the allegations in Appellant's petition did not fit within the clear language of the statute. On appeal, the circuit court affirmed. Appellant's appeal from the circuit court was certified to this Court. Rule 204, SCACR.

---

1. We acknowledge no DNA testing has been conducted to verify the biological relationship between Appellant and Decedent; however, under the standard of review applied to Rule 12(b)(6), SCRCP, motions, we construe all of the facts in Appellant's well-plead petition in the light most favorable to her. Thus, our analysis presumes that Appellant is Decedent's child.

## II.

Appellant contends the circuit court erred in affirming the probate court's dismissal of her inheritance claim.[2]  We disagree.

Section 62–2–302(b) states:

> If, at the time of execution of the will the testator fails to provide in his will for a living child *solely because he believes that child to be dead,* the child ... receives a share in the estate equal in value to that which he would have received if the testator had died intestate.

(emphasis added).

We find the rules of statutory construction preclude Appellant's claim.  It is clear from the unambiguous language of section 62–2–302(b) that the Legislature intended to limit this exception to include only the scenario specifically enumerated in the statute.  Appellant readily admits Decedent never learned of her existence before his death;  therefore, Appellant was not omitted from Decedent's will *solely because* Decedent believed her to be dead.  *See Jennings v. Jennings,* 401 S.C. 1, 4, 736 S.E.2d 242, 244 (2012) ("Where the language of the statute is unambiguous, the Court's inquiry is over, and the statute must be applied according to its plain meaning.");  *Hodges v. Rainey,* 341 S.C. 79, 87, 533 S.E.2d 578, 582 (2000) ("When the language of a statute is clear and explicit, a court cannot rewrite the statute and inject matters into it which are not in the legislature's language, and there is no need to resort to statutory interpretation or legislative intent to determine its meaning.").  Because the plain meaning of section 62–2–

---

2.  Appellant also claims the probate court's construction of section 62–2–302(b) violates the public policy of South Carolina and the Equal Protection Clause of the United States Constitution.  However, these arguments were not ruled upon by the probate court, and Appellant failed to file a motion pursuant to Rule 59(e), SCRCP, to obtain a ruling.  Because these issues are not preserved for appellate review, we do not address them.  *See Great Games, Inc. v. S.C. Dep't of Rev.,* 339 S.C. 79, 85, 529 S.E.2d 6, 9 (2000) (finding a constitutional challenge was not preserved for appellate review where it was not ruled upon by the trial court and that omission was not raised in a motion for reconsideration).

302(b) is clear, Appellant's inheritance claim was properly dismissed.

**AFFIRMED.**

TOAL, C.J., PLEICONES, BEATTY, JJ., and Acting Justice ALISON RENEE LEE, concur.