**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

South Carolina Department of Social Services,
Respondent,

v.

Lauren M., Tyrone J., and Catawba Indian Nation,
Defendants,

Of whom Catawba Indian Nation is a Respondent,

and Tyrone J. is the Appellant.

In the interest of a minor child under the age of eighteen.

Appellate Case No. 2013-000029

------

Appeal From Aiken County
Dale Moore Gable, Family Court Judge

------

Unpublished Opinion No. 2013-UP-368
Submitted September 24, 2013 – Filed September 30, 2013

------

### AFFIRMED

------

LeLand Michael Malchow and Christopher Charles Johnson, both of Nimmons & Malchow, PC, of Augusta, GA, for Appellant.

Dione Cherie Carroll, of Carroll Law Offices, PA, of Aiken, for Respondent Catawba Indian Nation.

Amanda Frances Whittle, of Aiken, for Respondent South Carolina Department of Social Services.

Amy Patterson Shumpert, of Nance, McCants & Massey, of Aiken, for Guardian ad Litem.

---

**PER CURIAM:**  Tyrone J. (Father) appeals the family court's order denying the South Carolina Department of Social Services' (the Department's) motion to change the permanent plan from terminating Father's parental rights to placing his minor daughter (Child) in the custody of Child's maternal grandmother.  On appeal, Father argues (1) the family court should have considered whether it was in Child's best interest to be placed with Child's paternal grandmother, and (2) the Catawba Indian Nation's (the Tribe's) modification of the Indian Child Welfare Act's (ICWA's) placement preferences violates his rights to due process and equal protection under the law.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the family court should have considered if it was in Child's best interest to be placed with Child's paternal grandmother:  *Spreeuw v. Barker*, 385 S.C. 45, 70-71, 682 S.E.2d 843, 856 (Ct. App. 2009) (holding issues not before the family court are not preserved for appellate review); *Payne v. Payne*, 382 S.C. 62, 70, 674 S.E.2d 515, 519 (Ct. App. 2009) ("Issues not raised and ruled upon in the [family] court will not be considered on appeal.").

2.  As to whether the Tribe's modification of the ICWA's placement preferences violates Father's rights to due process and equal protection under the law:  *Payne*, 382 S.C. at 70, 674 S.E.2d at 519 ("Issues not raised and ruled upon in the [family] court will not be considered on appeal."); *Great Games, Inc. v. S.C. Dep't of Rev.*, 339 S.C. 79, 85, 529 S.E.2d 6, 9 (2000) (holding a constitutional challenge was not preserved for appellate review because it was not ruled upon by the trial court and the appellant failed to raise the issue in a motion for reconsideration).

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.