PETTIGREW v. BELL.

1. SCHOOL COMMISSIONER—TIME OF ELECTION.—The school commissioner of a county is a State officer within the meaning of article XIV., section 10, of the Constitution, which fixes the day for the election of all State officers.

2. STATE BOARD OF CANVASSERS—CANDIDATE CONCLUDED.—At the first
election held in the new County of Florence in 1889, defendant was
elected school commissioner and was commissioned to hold said office
until the next general election. At the general election held in No-
vember, 1890, he was again a candidate for this office, but the plain-
tiff was declared elected thereto by the State Board of Canvassers, de-
fendant not contesting. *Held,* that the decision of this tribunal was
final, and plaintiff was entitled to the office.

The opinion of this court fully states the case.

*Mr. E. K. Dargan,* for plaintiff.

*Mr. E. B. Ragsdale,* for defendant.

March 19, 1891. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. This was a case agreed upon in a
controversy to the Supreme Court without action.

"J. Edward Pettigrew claims to have been duly elected, ac-
cording to law, to the office of school commissioner for the County
of Florence, in the said State, and to be entitled to enter forth-
with upon the possession and exercise of said office. Thomas E.
Bell resists said claim.

"The following are the facts upon which the said controversy
depends: In accordance with the provisions of section 3 of an
act of the general assembly, entitled 'An act to establish a new
judicial and election district, &c., to be known as Florence Coun-
ty,' approved December 22nd, 1888 (Acts 1888, p. 168), Thos.
E. Bell was elected school commissioner of Florence County at
an election held on the 5th day of November, 1889, and was
commissioned by the governor in accordance therewith, the com-
mission reading: 'This commission to continue of force until the
next general election.' J. Edward Pettigrew and Thomas E.
Bell were both candidates for school commissioner in Florence
County, were nominated and voted for as opposing candidates at
the general election held on the      day of November, 1890.
Pettigrew received a majority of all the votes cast for said office,
and was declared duly elected school commissioner of Florence
County by the board of State canvassers, Bell making no contest
or protest. On the first day of January, 1891, the said Petti-

grew having been duly qualified for the said office, made demand upon the said Bell for the possession of said office, and the demand was refused by the said Bell, on the ground that he was entitled to hold said office by virtue of his election thereto in 1889 for the term of two years next thereafter, that is to say, until the expiration of the present year, until November 5, 1891.

· "The question submitted to the court is as follows: Is Thomas E. Bell entitled to hold the office of school commissioner of Florence County for and during the present year? If the question submitted be answered in the affirmative, judgment is to be rendered in favor of the defendant; if in the negative, in favor of the plaintiff."

The school commissioner is a State officer. "There shall be elected biennially in each county, by the qualified electors thereof, one school commissioner, said school commissioners to constitute a State board of education." Const., art. X., sec. 2. In *Williman* v. *Ostendorf*, MSS. filed February 1877, this court said: "We hold that it was the intention of section 10, article XIV., of the Constitution to have all officers in the State proper to be voted for at a general election, chosen at one election which should take place at the same time as the election for members of the general assembly, and that the expression 'State officers' as there used, was not intended to be employed as designating any particular officers of the State, but as the equivalent of officers in the State, that last named expression having by the constitution been applied to all officers proper to be commissioned by the governor, which would include the officers of sheriffs and clerks of counties." This case was approved in *The State ex relatione Anderson* v. *Sims*, 18 S. C., 463.

We think, therefore, according to the decided cases, that the school commissioner is a State officer, and that the constitution fixes the day for his election. His commission limits his term to the next general election, and having been a candidate for the office at that time, it would seem that he accepted it for one year only.

Pettigrew has been declared duly elected by the State board of canvassers. The State board of canvassers is a tribunal of last resort, and from its determination of this election no appeal is

allowed by law. *Ex parte Whipper*, 32 S. C., 5; *Whipper* v. *Talbird, Ibid.*, 1; *Ex parte Mackey*, 15 *Id.*, 322–333. Here no contest was made before the managers and none before the State board of canvassers, and if Bell's claim be heard by this court, the effect of it would be to substitute this court for a tribunal appointed by the law to decide. Bell was a candidate and ran in opposition to Pettigrew, and was voted for as school commissioner in the general election of 1890, and is bound by the decision of the board of State canvassers.

The judgment of this court as to Thomas E. Bell being entitled to hold the office of school commissioner in the County of Florence, S. C., during the present year is in the negative, and in favor of the plaintiff. .