363 F.2d 87
 The GENERAL TIRE & RUBBER COMPANY, Petitioner,
v.
The Honorable R. Dorsey WATKINS, United States District Judge for the District of Maryland, Respondent.
The Firestone Tire & Rubber Company and McCreary Tire & Rubber Company, Intervenors.
 No. 10429.
 United States Court of Appeals Fourth Circuit.
 Argued February 7, 1966.
 Decided June 20, 1966.
 Certiorari Denied October 17, 1966.
 
 See 87 S.Ct. 204.
 Charles J. Merriam, Chicago, Ill. (Norman P. Ramsey and Semmes, Bowen & Semmes, Baltimore, Md., and Merriam, Marshall, Shapiro & Klose, Chicago, Ill., on brief), for petitioner.
 Edward S. Irons, Washington, D. C. (Benjamin C. Howard, Baltimore, Md., Mary Helen Sears, Washington, D. C., Stanley M. Clark, Akron, Ohio, and Irons, Birch, Swindler & McKie, Washington, D. C., on brief), for intervenors.
 Before HAYNSWORTH, Chief Judge, and SOBELOFF, BOREMAN, BRYAN and J. SPENCER BELL, Circuit Judges, sitting en banc.
 SOBELOFF, Circuit Judge:
 
 
 1
 This is the third mandamus proceeding generated in this court by a patent dispute pending in the District Court between Firestone Tire and Rubber Company and McCreary Tire and Rubber Company, plaintiffs, against the General Tire and Rubber Company, defendant. It is a petition for a writ of mandamus to disqualify Judge R. Dorsey Watkins under 28 U.S.C.A. § 455 (1958), on the ground that he was "of counsel" in the two prior proceedings.[1] For the reasons stated below, the petition is denied.
 
 
 2
 * Firestone and McCreary initiated the principal litigation in 1961 by instituting in the District Court an action for declaratory judgment against General Tire to invalidate certain patents owned by General Tire. The latter counterclaimed alleging infringement, and the parties engaged in extensive discovery proceedings. In October of 1963, General Tire moved to transfer the action to the District Court for the District of Ohio for consolidation with a similar case between General Tire and Firestone involving the same patent. Judge Watkins denied the motion, and General sought review in this court by its first petition for mandamus. After considering the briefs and arguments, we dismissed the petition, General Tire and Rubber Co. v. Watkins, 326 F.2d 926 (4th Cir.), cert. denied, 377 U.S. 909, 84 S.Ct. 1166, 12 L.Ed.2d 179 (1964). Counsel for Firestone and McCreary, the real parties in interest here, acted as counsel for Judge Watkins, the nominal respondent in the mandamus action.
 
 
 3
 In February of 1964, General filed a second petition for mandamus, this time to compel the District Judge to order a jury trial. Again we denied the application, General Tire and Rubber Co. v. Watkins, 331 F.2d 192 (4th Cir. 1964), and the Supreme Court denied certiorari. 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed. 498 (1964). In that proceeding the District Judge was represented by the United States Attorney, as well as counsel for Firestone and McCreary who argued in opposition to the grant of a jury trial.
 
 
 4
 The patent case finally came on for trial in the District Court on April 15, 1964. Between that date and February 7, 1966, when the present application to disqualify the judge came on for oral argument in this court, the District Court had spent approximately four days per week in hearings; the transcript had grown to over 27,000 pages, including over 1500 exhibits; several key witnesses had died, and it was questionable whether several other witnesses would still be available.
 
 II
 
 5
 The immediate stimulus for the present move to disqualify Judge Watkins was the Third Circuit's decision in Rapp v. Van Dusen, 350 F.2d 806 (3d Cir. 1964) (en banc), in which a District Judge was required to disqualify himself in accordance with the practice therein adopted for mandamus proceedings and made immediately effective. The court first noted that where the purpose of mandamus is merely to review the correctness of the District Court's decision — rather than a personal challenge on grounds extrinsic to the merits — the District Judge is merely a nominal party with no real interest in the case. In order to "keep him from becoming entangled as an active party to litigation in which his role is judicial and in which he has no personal interest," id. at 813, the court announced that henceforth the prevailing party in the District Court would be deemed the respondent in such actions and the Judge would not be required to file an answer or submit a brief in justification of his actions.
 
 
 6
 Applying this rule in the Van Dusen case, the Third Circuit concluded that the District Judge had exceeded the permissible limits of the newly adopted practice. In an earlier mandamus proceeding in that circuit to review a transfer order under 28 U.S.C.A. § 1404(a), the Judge had designated as his counsel the attorneys for the prevailing party, and had consulted with them in respect to the answer and the brief in the Court of Appeals. "Thus," said the court, "set in motion by our order [to answer the petition for mandamus], there resulted the very involvement which our new procedure is designed to prevent. There is no reason why the beneficial purpose of this procedure should not extend to the present cases." Id. at 814. In disqualifying the District Judge, however, the court specifically refrained from interpreting the "of counsel" provision of 28 U.S.C.A. § 455, resting the action instead on its general supervisory power over its District Courts.
 
 
 7
 We share the Third Circuit's view that it is an undesirable practice to name the District Judge as an active party when mandamus proceedings are employed to test his decision on a motion to transfer or — as in the second mandamus in this case — a demand for jury trial. In order to avoid even the appearance if impropriety in such cases we will henceforth follow the practice outlined in the Van Dusen opinion. The District Judge will not be required to file an answer or submit a brief, and his failure to do so will not be deemed an admission of any allegation in the petition. The prevailing party in the District Court will be treated as an intervenor and will not be required to submit a formal motion to intervene.[2]
 
 
 8
 We think that 28 U.S.C.A. § 455, which bars a judge from participation where he has been "of counsel," is directed primarily at the Judge who was of counsel in a case before his appointment to the bench. We do not think the statute deprives the District Judge of jurisdiction where, rather than acting "as counsel" for one of the parties, the Judge merely reviews and makes suggestions concerning the papers prepared by an attorney for one of the parties, acting on the Judge's behalf. Compare Roberson v. United States, 249 F.2d 737, 72 A.L.R. 2d 434 (5th Cir.), cert. denied, 356 U.S. 919, 78 S.Ct. 704, 2 L.Ed.2d 715 (1957); United States v. Vasilick, 160 F.2d 631 (3d Cir. 1947). General Tire has disavowed any accusation of personal bias or prejudice in the Judge's conduct of the case, and our revised practice will in the future avoid any appearance of impropriety in similar cases.[3] In the present circumstances we find no impropriety in the Judge's conduct and perceive no justification for disqualifying him under the statute relied on by General Tire.
 
 III
 
 9
 Since the oral argument McCreary and General Tire have filed certain papers in this court in an effort to amplify the record. They are bottomed upon what purports to be a tape recording of a telephone conversation between a former president of McCreary and one of the lawyers for Firestone. It is suggested that there was falsity in the plaintiffs' representations — in opposition to General's original motion to transfer the case to Ohio — that McCreary was an independent party prosecuting the case at its own expense. These representations may well have been the determinative factor in the denial of the transfer motion. If they were in fact untrue, it appears that the plaintiffs may have practiced a serious fraud upon the District Court.
 
 
 10
 However, these papers are not germane to the present petition for mandamus to disqualify the District Judge, and the propriety of the earlier motion to transfer is not now before us. If the tape recording constitutes newly discovered evidence warranting reconsideration of the motion to transfer or any other relief, or the imposition of any sanction, it should first be presented to the District Court, with a motion stating what relief is claimed. After a hearing, the District Court will be in position to determine the authenticity of the tape recording, the truth and materiality of any representations made to the court earlier, and to grant whatever relief may be appropriate.
 
 
 11
 After the District Court has acted upon an amplified record, this court can entertain any issue appropriately brought up for review. Until then, any application based upon the tape recording or a claim of earlier misrepresentation should be addressed to the District Court.
 
 
 12
 The petition for writ of mandamus to disqualify the District Judge is denied.
 
 
 13
 Petition denied.
 
 
 
 Notes:
 
 
 [1]
 "Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein."
 
 
 [2]
 Accordingly, Rule 31 of the Rules of this court will be amended by numbering the present rule as paragraph "1" and adding a new paragraph "2" as follows:
 "2. Where the purpose of the writ is to review a decision of a District Judge, he will not be required to file an answer or submit a brief, and his failure to do so will not be deemed an admission of any allegation in the petition. Each prevailing party in the District Court will be treated as an intervenor and shall not be required to submit a formal motion to intervene."
 
 
 [3]
 Where the mandamus petition is based on grounds personal to the Judge and extrinsic to the merits of the case or any of his rulings, the Judge will be well advised to prepare his own answer, or to obtain the assistance of outside counsel