284 S.C. 419 (1985)
327 S.E.2d 70
In the INTEREST OF: Geraldine LYDE, DOB: 12-23-71, Donella Lyde, DOB: 7-01-73, Johnny Brown, DOB: 12-08-69, Christopher Lyde, DOB: 11-24-77 and De'Andrea Lyde, DOB: 12-24-70. CHILDREN'S FOSTER CARE REVIEW BOARD 12A, Appellant,
v.
SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES and Florence County Department of Social Services, Respondents.
22241
Supreme Court of South Carolina.
Heard January 23, 1985.
Decided February 21, 1985.
*420 F. David Butler, of Columbia, for appellant.
Thomas E. Mosley, of Columbia, for respondents.
Heard Jan. 23, 1985.
Decided Feb. 21, 1985.
LITTLEJOHN, Chief Justice:
In this action, plaintiff-appellant, Children's Foster Care Review Board 12A, seeks to require the defendants-respondents, South Carolina Department of Social Services and Florence County Department of Social Services, to terminate the parental rights of the parents of the five subject children. The parents are not parties to the action. By previous order of the Family Court, DSS was granted custody of these children. They have remained in foster homes since *421 that time. The Review Board seeks to have DSS implement its announced plan for these children by initiating an action to terminate parental rights. Without so denominating the action, the Review Board seeks a writ of mandamus to compel DSS to institute such a proceeding. It relies on the statutory language of § 20-7-1630(2) South Carolina Code (1976) Annot. which states that the local review board may "... direct the appropriate agency to [initiate procedures to make the child eligible for adoption] followed by a maximum effort to place the child adpotively." We affirm the order of the trial judge.
It is not necessary to reach the question of whether the Family Court has jurisdiction to issue a writ of mandamus. The proper circumstances for a writ of mandamus are not present. Before the writ may be issued, at least three elements must coexist:
(1) a clear right in the plaintiff or relator to the relief sought.
(2) the existence of a legal duty on the part of respondent or defendant to do the thing which the relator seeks to compel.
(3) absence of another adequate remedy at law.
55 C.J.S. Mandamus § 51. Additionally mandamus lies solely within the discretion of the court. State v. Charleston Light & Water Co., 68 S.C. 540, 47 S.E. 979, 983. When the legal right is doubtful, or the performance of duty rests in discretion, or when there is another adequate remedy, a writ of mandamus cannot rightfully be issued. State ex rel. Port Royal Mining Co., v. Hagood, 30 S.C. 519, 9 S.E. 686.
We decline to interpret the language of § 20-7-1630(2), quoted above, as establishing a clear right in the Review Board to direct DSS to begin termination proceedings such that it would be entitled to a writ of mandamus.
Sections 20-7-1560 through XX-X-XXXX, South Carolina Code (1976) Annot. outline the statutory procedures for terminating parental rights. Under those provisions, DSS or any interested party may petition the Family Court for a determination that a child has been abused or abandoned. Upon such a determination, the court may then *422 issue an order terminating parental rights. Nowhere is there an administrative duty imposed on DSS to commence such an action. See, Children's Foster Care Review Board, 14A v. South Carolina Department of Social Services, 318 S.E. (2d) 279 (S.C. App. 1984).
The Review Board has another adequate remedy at law. It may initiate an action to terminate parental rights itself. Where another adequate remedy exists, a writ of mandamus cannot rightfully be issued. Smith V. Hendrix, 265 S.C. 417, 219 S.E. (2d) 312 (1975).
Further, valuable court time would be lost in duplicitious litigation if the Review Board's position were adopted. A direct proceeding by the Review Board to terminate parental rights will entail more efficient use of the court's time and will dispose of all the issues in one action. Accordingly, the order of the trial judge is
Affirmed.
NESS, GREGORY, HARWELL and CHANDLER, JJ., concur.