563 S.E.2d 101

**The CITY OF ROCK HILL, Petitioner,**

v.

**Michael Dean THOMPSON, Respondent.**

No. 25429.

Supreme Court of South Carolina.

Heard Nov. 27, 2001.

Decided March 11, 2002.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Senior Assistant Attorney General Norman Mark Rapoport, Assistant Attorney General Melody D. Brown, of Columbia; and Senior City Solicitor for the City of Rock Hill, S.C., Christopher E.A. Barton and City Solicitor for the City of Rock Hill, S.C., Gary C. Lemel, of Rock Hill, for petitioner.

Michael L. Brown, Jr., of Rock Hill, for respondent.

Justin S. Kahn, of Kahn Law Firm, of Charleston, and John S. Nichols, of Bluestein & Nichols, of Columbia, for respondent.

Justice BURNETT:

Petitioner City of Rock Hill (City) petitions the Court to issue a writ of mandamus "requiring the Honorable Jane Pittman Modla, Judge of the City of Rock Hill Municipal Court, and all lower courts in which the issue may arise, to

apply 1998 Acts 434 as corrected by the Code Commissioner and presently enrolled with the Secretary of State, as the law of the State of South Carolina." The writ is denied.

## BACKGROUND

On October 21, 2000, Respondent Michael Dean Thompson (Thompson) was arrested by City's Police Department for driving under the influence in violation of South Carolina Code Ann. § 56–5–2930 (Supp.1999). At a pre-trial hearing, City moved Municipal Court Judge Jane Pittman Modla (Judge) to determine the admissibility of Thompson's breathalyzer test results. City claimed the simulator test prior to Thompson's breathalyzer was properly performed in accordance with the amended version of 1998 S.C. Acts 434 (the Act). This version required the simulator test to be performed with an alcohol concentration of .10 percent. Thompson, however, argued the simulator test should have been performed in conformity with the original version of the Act. This version required the simulator test to be performed with an alcohol concentration of .08 percent.[1]

City presented witnesses who offered testimony about the original and amended versions of the Act. After presentation of City's witnesses, City joined Thompson's motion for a continuance to allow Thompson the opportunity to obtain witnesses and other evidence. City and Thompson agreed to coordinate their schedules and attempt to resume the hearing in two weeks. Before the hearing reconvened, the Attorney General filed this petition on behalf of City.

## ISSUE

Has City established the elements for issuance of a writ of mandamus?

## ANALYSIS

■■■ Mandamus is the highest judicial writ and is issued only when there is a specific right to be enforced, a positive duty to be performed, and no other specific remedy. *Ex parte*

---

1. In 2000, the General Assembly revised the Act to provide a ten one-hundredths of one percent simulator test. Act No. 390, 2000 S.C. Acts 3365.

*Littlefield,* 343 S.C. 212, 540 S.E.2d 81 (2000); *Willimon v. Greenville,* 243 S.C. 82, 132 S.E.2d 169 (1963). A writ of mandamus is a coercive writ that orders a public official to perform a ministerial duty. *Plum Creek Dev. Co. v. City of Conway,* 334 S.C. 30, 512 S.E.2d 106 (1999). Mandamus will issue only to compel a public official to perform a mandatory legal duty. *Redmond v. Lexington County School Dist. No. Four,* 314 S.C. 431, 445 S.E.2d 441 (1994). The primary purpose of a writ of mandamus is to enforce an established right and a corresponding imperative duty created or imposed by law. *Littlefield, supra.* When the legal right is doubtful, or the performance of duty rests in discretion, or when there is another adequate remedy, a writ of mandamus cannot rightfully be issued. *In the Interest of Lyde,* 284 S.C. 419, 327 S.E.2d 70 (1985).

As noted in its Petition for a Writ of Certiorari and in its Conclusion to its Brief, City seeks a writ of mandamus "requiring the Honorable Jane Pittman Modla, Judge of the City of Rock Hill Municipal Court, and all lower courts in which the issue may arise, to apply 1998 Acts 434 as corrected by the Code Commissioner and presently enrolled with the Secretary of State, as the law of the State of South Carolina." City has failed to establish the elements necessary for issuance of the writ.

First, City failed to establish Judge has a ministerial duty to rule the amended version of the Act is the correct law of this State. In at least one other instance, this Court has recognized that mandamus may lie to compel a judicial officer to perform a ministerial duty. *State v. Barbee,* 280 S.C. 328, 313 S.E.2d 297 (1984) (suggesting defendant could compel magistrate by mandamus to file record of proceedings with the circuit court). Similarly, the Court could direct a judge to rule on a pending motion because the act of ruling is ministerial in nature.

Here, however, City seeks the writ to compel Judge to rule a particular way (i.e. that the amended version of the Act is the correct version and, therefore, Thompson's breathalyzer test results are admissible). City asserts Judge had no discretion in issuing this ruling. We disagree.

Issuance of a particular decision by a judge is typically a matter of discretion and, therefore, not proper for manda-

mus. *See* 55 C.J.S. *Mandamus* § 83 (1998) (while mandamus may be employed to compel an inferior tribunal to exercise its discretion, ordinarily it may not be used to direct or compel the exercise of the discretion in a particular way); *see also Godwin v. Carrigan*, 227 S.C. 216, 87 S.E.2d 471 (1955) (ministerial duty is one which a person performs in obedience to a mandate of legal authority without regard to the exercise of his own judgment upon the propriety of the act to be done). Until we issued our recent opinion in *State v. Huntley*, 349 S.C. 1, 562 S.E.2d 472 (2002), it was debatable which of the two versions of the Act was the correct law of the State. Accordingly, this is not a situation where Judge was effectively issuing a ministerial decision because her discretion could *only* be exercised in one way. *Cf.* 55 C.J.S. *Mandamus* § 83 (1998) (where discretion of court can be legally exercised in only one way, mandamus will lie to compel court to so exercise it).

Second, City failed to establish it has no adequate remedy at law. City has two adequate legal remedies available. City can await Judge's ruling on its pending motion in limine.[2] In addition, if City's ability to prosecute Thompson is significantly disadvantaged by Judge's ruling on its motion in limine, City can appeal. *State v. McKnight*, 287 S.C. 167, 337 S.E.2d 208 (1985) (pre-trial order granting suppression of evidence which significantly impairs the prosecution of a criminal case is directly appealable under S.C.Code Ann. § 14–3–330(2)(a) (1976)); *see* 55 C.J.S. *Mandamus* § 24 (1998) (generally, mandamus will not lie where adequate remedy by appeal). In fact, the Attorney General appealed the grant of a defendant's motion in limine in which the underlying issue was the same as raised by the Attorney General in his current petition for a writ of mandamus. *State v. Huntley, supra.*

Finally, City did not serve Judge with its petition for a writ of mandamus. Relying on 52 Am.Jur.2d *Mandamus* § 394 (2000), City argues "other jurisdictions accept that the judge

---

**2.** Even if City wanted the writ to simply order Judge to rule, we would decline to issue the writ because Judge has not declined to rule on City's motion in limine. City agreed to a continuance of the hearing, then, within the month, filed the petition for a writ of mandamus. Judge's failure to reconvene the hearing within a month is not an indication she refused to issue a ruling.

should not be served and made a party. In fact, it is the preferred practice in federal court that the judge not be named."

City mischaracterizes the *American Jurisprudence* section. The section states:

A person seeking a writ of mandamus involving pending litigation must institute the suit for mandamus against the judge upon whom the person seeks the writ to issue and against the other parties to the litigation. Thus, mandamus does not lie to review a court's action where the court was [sic] not been made a party to the proceedings or petition.

*Id.*, p. 591.

Thereafter, the section discusses that while some jurisdictions require an application for mandamus to be addressed to the court, others require the judge to be sued by name. Finally, the section notes, in federal court practice, where the purpose of mandamus is to secure, in effect, an interlocutory review of the intrinsic merits of a judicial act, the judge against whom mandamus is sought is not an active party. *Id.* citing *A. Olinick and Sons v. Dempster Bros. Inc.*, 365 F.2d 439 (2nd Cir.1966); *Rapp v. VanDusen*, 350 F.2d 806 (3rd Cir.1965); *General Tire & Rubber Co. v. Watkins*, 363 F.2d 87 (4th Cir.), *cert. denied* 385 U.S. 899, 87 S.Ct. 204, 17 L.Ed.2d 131 (1966). Instead, the judge is a nominal party who need not file an answer or submit a brief. *Id.* Neither *American Jurisprudence* nor the cases cited therein state the judge need not be served with the mandamus petition. City was required to serve Judge with its petition for mandamus.

Because City failed to establish the elements required for issuance of a writ of mandamus and failed to serve Judge with its petition, the petition for a writ of mandamus is **DENIED**.

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.