THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Jeffery Ray Addy,       
Appellant,
 
 
 

v.

 
 
 
Attorney General of the State of South Carolina, 
 Charles M. Condon, and Donald V. Myers, Solicitor, Eleventh Judicial Circuit,       
Respondents.
 
 
 

Appeal From Lexington County
G. Thomas Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-672
Submitted November 11, 2003  Filed 
 November 17, 2003 

AFFIRMED

 
 
 
M. Gwyn DuBose-Schmitt, of Lexington, and Tommy Arthur Thomas, 
 of Irmo, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, 
 all of Columbia, for Respondent.
 
 
 

PER CURIAM:  In 1984, Jeffrey Addy was convicted 
 of murder and armed robbery and sentenced to life plus ten years in prison.  
 Addys direct appeal and subsequent actions for post-conviction relief (PCR) 
 and a writ of habeas corpus have all been denied.  Addys current petition for 
 a writ of mandamus was denied by the trial court.  We affirm. [1] 
1.  The trial court did not err in denying the 
 writ of mandamus as there was no ministerial duty required to be performed by 
 any of the Respondents.  Mandamus is the highest judicial writ and is issued 
 only when there is a specific right to be enforced, a positive duty to be performed, 
 and no other specific remedy.  City of Rock Hill v. Thompson, 349 S.C. 
 197, 199, 563 S.E.2d 101, 102 (2002).  A writ of mandamus is a coercive writ 
 that orders a public official to perform a ministerial duty.  Id. at 
 200, 563 S.E.2d at 102.  Mandamus will issue only to compel a public official 
 to perform a mandatory legal duty. . . .  When the legal right is doubtful, 
 or the performance of duty rests in discretion, or when there is another adequate 
 remedy, a writ of mandamus cannot rightfully be issued.  Id.  There 
 is no duty on the part of the Attorney General or the solicitor to release Addy 
 from custody.  Moreover, absent a finding that Addys incarceration is invalid 
 or that his rights have been violated, there is simply no duty on the part of 
 anybody to release him.  We conclude the trial court properly denied the petition 
 for a writ of mandamus.  
2.  Addy maintains the trial court should have 
 sua sponte vacated his conviction on the ground of prosecutorial misconduct.  
 Addys co-defendant testified against him at trial in exchange for a plea agreement 
 made by the solicitor that occurred after the co-defendant had already been 
 convicted and had moved for a new trial.  This issue was raised in several of 
 Addys previous claims and has already been determined.  No grounds were presented 
 from which the trial court could sua sponte vacate the conviction.
AFFIRMED.
GOOLSBY and ANDERSON, JJ., and CURETON, Acting 
 J., concur.

 
 
 [1]   We decide this case without oral argument pursuant to Rule 215, 
 SCACR.