THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Christina G. deBondt,       
 Respondent,
 
 
 

v.

 
 
 
Carlton Motorcars, Inc. and Mercedes-Benz,
N.A.,        Petitioners.
 
 
 

ON WRIT OF CERTIORARI TO
THE COURT OF APPEALS 

Appeal from Greenville County
Larry R. Patterson, Circuit Court Judge

Memorandum Opinion No. 2004-MO-008
Heard January 6, 2004 - Filed March 
 15, 2004

RELIEF GRANTED

 
 
 
Hamilton Osborne, Jr., and James Y. Becker, both of Haynsworth 
 Sinkler Boyd, P.A., of Columbia, for petitioners.
Robin B. Stilwell, of Hunter, Tomaszek & Stilwell, of 
 Greenville, for respondent.
 
 
 

PER CURIAM:  This appeal is from an order vacating petitioners offer 
 of judgment and placing this case on the trial roster.  By unpublished order, 
 the Court of Appeals dismissed petitioners appeal because an order setting 
 a case for trial is not directly appealable.  We granted petitioners request 
 for review.
FACTS
Respondent deBondt is a car collector.  In June 1996, she contracted 
 with petitioner Carlton Motorcars, Inc. (Dealership) to purchase the sixteenth 
 1998 Mercedes SLK 230 received by the Dealership from petitioner Mercedes-Benz 
 (Mercedes).  As part of the deal, deBondt was entitled to certain promotional 
 materials including CDs, a keychain, a photo of an SLK prototype, and a family 
 album of previous Mercedes autos.  In October 1997, Dealership delivered an 
 SLK to deBondt for the purchase price of $42,258.60.  DeBondt never received 
 the promotional materials.
DeBondt then commenced this action alleging violations 
 of the Dealers Act and the Unfair Trade Practices Act, a cause of action for 
 fraud, deceit, and negligent misrepresentation, and seeking specific performance.  
 In October 1998, Mercedes offered to settle the litigation by providing a pristine 
 set of all promotional materials received by charter owners of the SLK 230, 
 complete with personalized letters addressed to Ms. deBondt and an affidavit 
 confirming the authenticity of the materials.  DeBondt ultimately refused the 
 settlement offer claiming the materials were not in the condition promised and 
 the personalized letters contained errors.
Finally, in November 1998, the trial court granted petitioners summary 
 judgment on all causes of action.  By decision dated July 24, 2000, the Court 
 of Appeals reversed and remanded for trial.  DeBondt v. Carlton Motorcars, 
 Inc., 342 S.C. 254, 536 S.E.2d 399 (Ct. App. 2000).
After the Court of Appeals decision, petitioners 
 served on deBondt an offer of judgment for $1,000, plus the promotional materials 
 being held in trust by deBondts former attorney and four disputed letters 
 dated and otherwise revised pursuant to [deBondts] written instructions.  
 This offer of judgment and deBondts acceptance was filed with the Clerk of 
 Court on October 30, 2000.  
On November 20, 2000, an unrecorded status conference 
 was held.  As a result, the trial court issued an order setting the case for 
 trial the following January.  
ISSUE

Is the trial courts order immediately appealable?  
 If not, what is petitioners remedy?

DISCUSSION
Petitioners characterize the trial courts order as one setting 
 aside a judgment without the proper procedure and claim this order is therefore 
 directly appealable.
Rule 68(a), SCRCP, which provides for an offer of judgment, states that the 
 clerk of court shall enter judgment upon filing of the notice of an 
 offer and acceptance of judgment.  (emphasis added).  In this case, judgment 
 was never entered after the offer and acceptance of judgment were filed.  Instead, 
 the trial judge set the case for trial.
A judgment is not final until it is written and entered.  Ex parte: 
 Reichlyn, 310 S.C. 495, 427 S.E.2d 661 (1993).  Because judgment has never 
 been entered, there is no final judgment in this case.  Further, the Court of 
 Appeals correctly noted that an order setting a case for trial is not directly 
 appealable.  Shields v. Martin Marietta Corp., 303 S.C. 469, 402 S.E.2d 
 482 (1991) (order restoring case to docket is not appealable).
Where an order is not directly appealable, however, this Court may 
 consider the appeal as an application for mandamus where appropriate.  See 
 State Farm Mut. Auto. Ins. Co. v. Scholes, 601 F.2d 1151 (10th 
 Cir. 1979).  Mandamus will issue only when there is a specific right to be enforced, 
 a positive duty to be performed, and no other specific remedy.  City of Rock 
 Hill v. Thompson, 349 S.C. 197, 563 S.E.2d 101 (2001).  It is a coercive 
 writ that orders a public official to perform a mandatory ministerial duty.  
 Id.      
Here, we find a writ of mandamus appropriate.  In pertinent part, our Rule 
 68 tracks the language of Rule 68 of the Federal Rules of Civil Procedure.  
 As with the federal rule, the language of our rule is mandatory -- once an offer 
 and acceptance of judgment have been filed, the trial court has no discretion 
 to do anything but enter judgment.  Mallory v. Eyrich, 922 F.2d 1273 
 (6th Cir. 1991).  Entry of a Rule 68 judgment is simply ministerial.  
 Oates v. Oates, 866 F.2d 203 (6th Cir. 1989).  
In this case, once the offer and acceptance of 
 judgment were filed, the trial court had no discretion to do anything but order 
 that judgment be entered.  Petitioners only remedy is a writ of mandamus.  
 Accordingly, we order that judgment be entered pursuant to Rule 68.
 RELIEF GRANTED. 
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, 
 JJ., concur.