659 S.E.2d 492

**Jonathan X. MILLER, Petitioner**

v.

**STATE of South Carolina, Respondent.**

Supreme Court of South Carolina.

March 19, 2008.

## ORDER

This matter is before the Court on a petition for a writ of mandamus dated September 24, 2007. The Attorney General's Office and the Richland County Clerk of Court have filed separate returns.

On June 15, 2004, petitioner filed a motion entitled Motion: Emergency Writ of Habeas Corpus (2004 habeas petition) in the circuit court. Petitioner claims he filed a motion of dismissal in the circuit court in August 2007.

Petitioner has filed a petition for a writ of mandamus in this Court in which he alleges the Richland County Clerk of Court and the State failed to respond to his 2004 habeas petition and his motion of dismissal. He further claims the State failed to set a court date for the hearing he requested. Petitioner requests the State be ordered to set a hearing on his motions.

The Attorney General's Office filed a return indicating they were unaware of petitioner's filings in the circuit court, and had they been aware of the 2004 habeas petition, they would have moved to summarily dismiss the petition as an untimely application for post-conviction relief (PCR).

By way of return, the Richland County Clerk of Court acknowledges the filing of the 2004 habeas petition. However, the Clerk of Court maintains there is no evidence the motion of dismissal was received. In addition, she states the petition for a writ of mandamus was not received by her until it was sent to her by this Court along with a request for a return.

The Clerk of Court contends the 2004 habeas petition was without merit on several procedural and substantive grounds. Specifically, she argues the 2004 habeas petition was neither in the form prescribed for a PCR application nor did it contain information required for a PCR application pursuant to S.C.Code Ann. § 17–27–50 (2003). Also, she maintains the 2004 habeas petition amounted to an untimely PCR application.

In addition, she argues the 2004 habeas petition, construed as a PCR application, contained only conclusory allegations, and would likely have been dismissed as time barred or found to be without substantive merit. Also, the Clerk claims the 2004 habeas petition did not raise a violation which constituted a "denial of fundamental fairness shocking to the universal sense of justice" pursuant to *Simpson v. State,* 329 S.C. 43, 495 S.E.2d 429 (1998).

The Clerk argues petitioner failed to allege grounds warranting the issuance of a writ of mandamus. She claims, because the 2004 habeas petition did not conform to requirements for a PCR application, "it did not trigger a duty . . . to take any particular action." In addition, she maintains the decision when and where to set a hearing is discretionary rather than mandatory. The Clerk further contends the 2004 habeas petition was mooted by petitioner's release from incarceration into the Community Supervision Program because the only purpose of a habeas corpus petition is to seek release from the current term of incarceration.

Mandamus is the highest judicial writ and is issued to compel a public official to perform a ministerial duty, not a discretionary duty, and only when there is a specific right to be enforced, a positive duty to be performed, and no other available legal remedy. *Riverwoods, L.L.C. v. County of Charleston,* 349 S.C. 378, 563 S.E.2d 651 (2002); *City of Rock Hill v. Thompson,* 349 S.C. 197, 563 S.E.2d 101 (2002); *Ex parte Littlefield,* 343 S.C. 212, 540 S.E.2d 81 (2000); *Redmond v. Lexington County Sch. Dist. No. 4,* 314 S.C. 431, 445 S.E.2d 441 (1994).

Upon the filing of a petition for a writ of habeas corpus, the Clerk of Court should verify the document contains a case caption, a proper county designation, and the signature of the

filing party, and should forward a copy of the petition to the Attorney General's Office. S.C. Clerk of Court Manual § 6.24.

 Because petitioner failed to name the Clerk of Court as a party or serve his petition for a writ of mandamus on her, he may not seek mandamus relief as to her. *Thompson, supra* (holding a party seeking mandamus must serve the party against whom relief is sought). Moreover, the 2004 habeas petition became moot upon petitioner's release from incarceration. *Gibson v. State,* 329 S.C. 37, 495 S.E.2d 426 (1998) ("The inquiry on habeas corpus is limited to the legality of the prisoner's *present* detention.") (emphasis added). Also, petitioner has not shown the Clerk failed to perform any duty as to the motion of dismissal because the evidence indicates the motion of dismissal was never received by the Clerk. Accordingly, the petition for a writ of mandamus is denied.

However, we take this opportunity to emphasize the Clerk of Court's duties regarding the filing of a petition for habeas corpus. The Clerk of Court has the ministerial duty to verify the petition contains a case caption, a proper county designation, and the signature of the filing party, and to forward a copy of the petition to the Attorney General's office. S.C. Clerk of Court Manual § 6.24. The Clerk of Court's duty is not discretionary. The Clerk of Court should not construe a petition for a writ of habeas corpus as a PCR application. In addition, although a habeas corpus petition may be flawed on a number of procedural and substantive grounds, it is not within the Clerk of Court's authority to refuse to perform her duty based on her opinion that a filing lacks legal merit or is untimely. 21 C.J.S. *Courts* § 338 (2006) ("[A] clerk of court cannot ordinarily determine questions of law [or] render judgments.").

IT IS SO ORDERED.

/s/ Jean H. Toal, C.J.

/s/ John H. Waller, Jr., J.

/s/ Costa M. Pleicones, J.

/s/ Donald W. Beatty, J.

MOORE, J. not participating.