**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Frazier T. Williams, Appellant,

v.

The State, Respondent.

Appellate Case No. 2014-000595

Appeal From Cherokee County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2015-UP-542
Submitted October 1, 2015 – Filed November 25, 2015

**AFFIRMED**

Frazier T. Williams, pro se.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General Suzanne H. White, both of Columbia, for Respondent.

**PER CURIAM:** Frazier T. Williams appeals the circuit court's orders denying his motion for recusal and petition for a writ of mandamus. Williams argues the circuit court erred in (1) denying his motion for recusal because the judge presided over his original trial and (2) ruling that a petition for a writ of mandamus was not

the proper method for challenging the trial court's subject matter jurisdiction. We affirm pursuant to Rule 220(b), SCACR, and the following authorities.

1.  As to the denial of Williams's motion for recusal:  *Floyd v. State*, 303 S.C. 298, 299, 400 S.E.2d 145, 146 (1991) ("[I]n all *post-conviction relief hearings . . .* , a judge shall, upon motion*,* recuse himself if he was the judge who presided at the guilty plea, criminal trial, or probation revocation proceeding for which relief is being sought." (emphasis added)); Canon 3(B)(1) of the Code of Judicial Conduct, Rule 501, SCACR ("A judge shall hear and decide matters assigned to the judge except those in which disqualification is required."); *State v. Jackson*, 353 S.C. 625, 627, 578 S.E.2d 744, 745 (Ct. App. 2003) ("It is not enough for a party seeking disqualification to simply allege bias or prejudice.  The party must show some evidence of that bias or prejudice.").

2.  As to the dismissal of Williams's petition for a writ of mandamus:  *Knight v. Austin*, 396 S.C. 518, 522, 722 S.E.2d 802, 804 (2012) ("Whether to issue . . . a writ of mandamus . . . lies within the sound discretion of the trial court, and [this] court will only overturn that decision upon an abuse of discretion."); *Anderson v. State*, 338 S.C. 629, 631, 527 S.E.2d 398, 399 (Ct. App. 2000) ("A petitioner seeking a writ of mandamus to require the performance of an act must show . . . the ministerial nature of the act . . . ."); *City of Rock Hill v. Thompson*, 349 S.C. 197, 200, 563 S.E.2d 101, 103 (2002) ("Issuance of a particular decision by a judge is typically a matter of discretion and, therefore, not proper for mandamus.").

**AFFIRMED.** [1]

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.