*334 JUSTICE FEW :
**341 We address two questions in this appeal. The first question is whether a challenge to an elected official's legal qualifications to serve in the office to which he has just been elected must be brought pursuant to the administrative provisions of Title 7 of the South Carolina Code, or whether such a challenge may be brought in circuit court. The second question is whether the "certified law enforcement officer" requirement to serve as sheriff-found in subsection 23-11-110(A)(5) of the South Carolina Code (Supp. 2018)-requires the certification to come from South Carolina authorities, as opposed to authorities in another state. We find the plaintiffs in this case were permitted to bring the action in circuit court, but the necessary certification to serve as sheriff need not come from South Carolina authorities. We affirm the result of the circuit court's decision, which did not remove the elected McCormick County Sheriff from office.
I. Facts and Procedural History
McCormick County voters elected Clarke Anderson Stearns as their Sheriff in the November 8, 2016, general election. After the election, Appellants brought this action in circuit court alleging "Stearns does not possess the necessary qualifications to be Sheriff of McCormick County." Specifically, Appellants claim "Stearns does not have three years experience as a certified law enforcement officer as defined by [subsection] 23-11-110(A)" of the South Carolina Code (2007 & Supp. 2018). Appellants asked the circuit court to grant "declaratory and injunctive relief declaring that Defendant Stearns does not meet [the] qualifications set forth in section 23-11-110." Based on that claim, Appellants "specifically request[ed]" the circuit court issue an order "enjoining the Defendant Stearns from serving as Sheriff of McCormick County."
**342 Before the circuit court action was filed, however, the losing candidate in the general election-J.R. Jones-filed a Title 7 election protest with the McCormick County Board of Canvassers. Jones filed the challenge on November 16, 2016. The county board held a hearing on November 21. By a vote of 3-to-3, the county board took no action on Jones's protest. Jones did not appeal the county board's decision.
Jones filed this action in circuit court on December 7, 2016. He was joined as plaintiff by the South Carolina Democratic Party and the McCormick County Democratic Party, to all of whom we will refer collectively as "Appellants." Appellants initially filed a motion for a temporary injunction, asking the circuit court to enjoin "Stearns from taking the oath of office for Sheriff of McCormick County, assuming control of the office of Sheriff of McCormick County, and taking any official action as Sheriff of McCormick County." The Honorable William P. Keesley denied the motion for a temporary injunction by order filed January 20, 2017. Sheriff Stearns was sworn in and began serving on January 23, 2017.
The Honorable R. Lawton McIntosh conducted a bench trial on October 18, 2017. The court denied relief, finding Appellants were required to pursue their challenge to Sheriff Stearns' qualifications through the administrative provisions of Title 7, and by appealing the county board's decision to the State Board of Canvassers. Appellants appealed the circuit court's decision directly to this Court pursuant to Rule 203(d)(1)(A)(iv) of the South Carolina Appellate Court Rules and subsection 14-8-200(b)(5) of the South Carolina Code (2017).
II. Analysis
We begin with the question of whether Sheriff Stearns meets the legal qualifications to serve. This discussion will lay the groundwork for addressing whether the law permitted Appellants to bring this action in circuit court.
A. Qualifications to Serve as Sheriff
Article V, section 24 of the Constitution of South Carolina provides, "The General Assembly ... may provide by law for the ... qualifications of sheriffs ...."
**343 S.C. CONST. art. V, § 24. Most of those qualifications are set forth in section 23-11-110. Subsection 23-11-110(A)(5) in particular provides that a sheriff must have one of the following qualifications,
*335 (a) obtained a high school diploma, its recognized equivalent in educational training as established by the State Department of Education, and have at least five years experience as a certified law enforcement officer; or (b) obtained a two-year associate degree and three years experience as a certified law enforcement officer; or (c) obtained a four-year baccalaureate degree and one years experience as a certified law enforcement officer; or (d) served as a summary court judge for at least ten years.
§ 23-11-110(A)(5).
Sheriff Stearns has a two-year associate degree and thirty-one years of experience as a certified law enforcement officer in Virginia. Therefore, Sheriff Stearns meets the requirements of subsection 23-11-110(A)(5)(b). Because there is no dispute he meets all other qualifications set forth in the South Carolina Code, Sheriff Stearns has the qualifications to serve in the position to which he was elected.
Appellants argue, however, the term "certified law enforcement officer" requires certification in South Carolina. We disagree. Appellants' argument begins with the provision in subsection 23-11-110(A)(5) that states "a 'certified law enforcement officer' is a person who has been issued a certificate as a law enforcement officer pursuant to Section 23-23-10." Appellants' argument that section 23-23-10 of the South Carolina Code (Supp. 2018) requires certification in South Carolina is complex. They argue that when subsections 23-23-10(A) and (D) are read together, it becomes clear the certification must be issued under South Carolina law to be valid under subsection 23-11-110(A)(5). Specifically, Appellants argue subsection 23-23-10(D) "designates the South Carolina Criminal Justice Academy as the responsible authority for implementing [the] policy [described in subsection 23-23-10(A) ]."
We find Appellants' argument unpersuasive. First, section 23-23-10-by its own terms-does not apply to sheriffs. Subsection 23-23-10(B) provides,
**344 Nothing in this chapter ..., unless specifically stated, may ... be construed to affect any sheriff, or other law enforcement officer elected under the provisions of the Constitution of this State.
In addition, while subsection 23-23-10(E) defines "law enforcement officer," section 23-23-10 does not even mention certification, and it does not contain any substantive criteria upon which a certification might be based. Finally, subsections 23-23-10(A) and (D) say nothing about requiring a certified law enforcement officer to be certified in South Carolina.
Subsection 23-11-110(A)(5)(b) requires any sheriff to have "a two-year associate degree," which Sheriff Stearns has, and "three years experience as a certified law enforcement officer," which Sheriff Stearns also has. Therefore, Sheriff Stearns meets the legal qualifications to serve as the Sheriff of McCormick County.
B. Exclusivity of Title 7
Article V, section 11 of our Constitution provides, "The Circuit Court shall be a general trial court with original jurisdiction in civil ... cases, except those in which exclusive jurisdiction shall be given to inferior courts ...." S.C. CONST. art. V, § 11. The Uniform Declaratory Judgments Act[1] provides, "Courts of record ... shall have power to declare rights, status and other legal relations," § 15-53-20, and, "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper," § 15-53-120. Pursuant to article V, section 11 and the Declaratory Judgments Act, therefore, the circuit court has the power to declare whether a person meets the legal qualifications to serve in an elected office. See Gantt v. Selph , 423 S.C. 333, 336, 814 S.E.2d 523, 524-25 (2018) (holding the circuit court had the power to declare whether a candidate for school board met the legal qualifications to hold the elected office); see also Tempel v. S.C. State Election Comm'n , 400 S.C. 374, 382, 735 S.E.2d 453, 457 (2012) (affirming the circuit court's disqualification of a state senate nominee for his failure to comply with filing requirements). If the circuit *336 court determines the person does **345 not meet those legal qualifications, the court has the power to enjoin the person from serving.
The circuit court treated this case as an election matter, however, and held Appellants were required to pursue their challenge through the administrative provisions of Title 7 of the South Carolina Code. See S.C. Code Ann. §§ 7-17-10 to -100 (2019). The court gave several reasons for its decision. First, it found section 7-17-30 gives the county board exclusive authority to hear this challenge. The court also found that because Jones initially filed a protest with the county board and then decided not to appeal the board's refusal to grant relief, Appellants waived their right to bring this lawsuit, were collaterally estopped from doing so, could not invoke the equitable power of the court because of an adequate remedy at law, and were foreclosed by the "law of the case" doctrine. As we will explain, we disagree.
The section 23-11-110 qualifications to serve as sheriff apply to all sheriffs, regardless of whether there was a properly conducted election. In fact, not all sheriffs are initially elected to the position. Pursuant to subsection 23-11-40(A) of the South Carolina Code (2007), "If any vacancy occurs in the office of sheriff in any county of this State ..., the Governor may appoint some suitable person who must be an elector of the county and who, upon qualifying, according to law, is entitled to enter upon and hold the office until a sheriff is elected ...." § 23-11-40(A). Subsection 23-11-40(A) specifically requires an appointed sheriff must qualify "according to law." If the person appointed does not meet the qualifications of section 23-11-110, he or she may not serve, even though there has not been an election. Thus, while invalidating the election was one way for Appellants to achieve the result they sought, it was not necessary to invalidate the election to obtain "declaratory and injunctive relief declaring Defendant Stearns does not meet the qualifications" to hold the office of sheriff.
This case is different from cases in which we held county election boards have exclusive jurisdiction over election protests. In Smith v. Hendrix , 265 S.C. 417, 219 S.E.2d 312 (1975), for example, we held "petitioner was precluded from asserting the present action because he failed to pursue the statutory remedy for protesting the result of an election."
**346 265 S.C. at 419-20, 219 S.E.2d at 312-13. The county board had exclusive jurisdiction to hear the election protest in Smith because the grounds for the protest applied only to the result of the election itself. We explained, "Smith[ ] seeks a recount of the votes cast in an election in which he was a candidate contending that all votes should have been invalidated in instances where the voter [engaged in] ... 'crossover voting.' " 265 S.C. at 419, 219 S.E.2d at 312. We held, "It is clear ... the essence of petitioner's action is the contest of an election." 265 S.C. at 421, 219 S.E.2d at 313. Under the circumstances of Smith , it was not possible to successfully challenge the prevailing candidate's service in the position to which he was elected without invalidating the election.
In this case, on the other hand, "the essence" of Appellants' lawsuit is the allegation Sheriff Stearns does not meet the legal qualifications to serve as sheriff under subsection 23-11-110(A)(5). It was not necessary to invalidate the election to successfully challenge Sheriff Stearns' right to serve as sheriff based on this allegation. In fact, Appellants did not request any relief regarding the election. Rather, Appellants requested only that the court (1) declare Sheriff Stearns does not meet the legal qualifications to serve, (2) enjoin him from serving as sheriff, (3) "to the extent necessary," issue a writ of mandamus to appropriate officials to remove Sheriff Stearns from office, and (4) award attorneys' fees and costs. Therefore, the county board did not have exclusive jurisdiction, and it was not necessary that Appellants appeal the county board's decision to the State Board of Canvassers.
C. Other Arguments
The circuit court also ruled against Appellants on the grounds of waiver, collateral estoppel, the availability of an adequate legal remedy, and the law of the case doctrine. Each of these rulings was based on Appellants' decision not to appeal the ruling of the county board to the State board of canvassers. If Appellants were challenging only the results of the election, the circuit court's *337 rulings may be sound. As we have explained, however, Appellants challenge Sheriff Stearns' qualifications to serve in the position, regardless of the validity of the election. Therefore, none of these rulings forecloses Appellants from bringing this lawsuit. **347 III. Conclusion
Sheriff Stearns meets the section 23-11-110 qualifications to serve as Sheriff of McCormick County. The order of the circuit court denying Appellants' requested relief is AFFIRMED .
BEATTY, C.J., KITTREDGE, HEARN and JAMES, JJ., concur.

S.C. Code Ann. §§ 15-53-10 to -140 (2005).